### NEWMAN, Receiver, v. MOODY.[1]

*(Circuit Court, N. D. Alabama.    February, 1884.)*

**1. DEMURRER.**
   A demurrer filed without leave, and after answer and submission, comes too late; by answering, defendant waived all objections to the form and manner of proceeding.

**2. REHEARING—EQUITY RULE 88.**
   Where no appeal lies from the decree to the supreme court it was within the discretion of the court, under equity rule No. 88, to allow a rehearing before the end of the next term, even if the decree was final.

**3. RECEIVER.**
   Where an administrator comes into the possession of funds belonging to the estate of his decedent, and accounts therefor to the state court appointing him, long prior to notice from this court, he cannot be held to again account for or pay said money to a receiver subsequently appointed by this court.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

At the October term, 1881, the following petition was filed:

"*To the Hon. John Bruce, presiding in the Circuit Court of the United States for the Northern District of Alabama:* In the case of W. H. Johnson and others against W. R. Alexander and others, pending in said court, your petitioner, W. P. Newman, is receiver, having been appointed as such at a former term thereof. Your said petitioner alleges that there is now in the hands of Amos L. Moody, of Franklin county, Alabama, within said Northern district, the sum of five hundred and forty-one 25-100 dollars belonging to the estate of Jacob V. Johnson, deceased. Your petitioner, therefore, prays for an order directing said Moody to appear at the next term of this court to show cause, if any he have, why a decree should not be rendered against him in favor of your petitioner for said money, and he will ever pray."

Thereupon the following order was entered:

"It is hereby ordered that notice be issued and served on Amos L. Moody, of Franklin county, Alabama, to appear at the next term of this court, and show cause, if any he have, why a decree should not be rendered against him in favor of the said W. P. Newman, receiver as aforesaid, for the sum of five hundred and forty-one 25-100 dollars, alleged to be in his hands, belonging to the estate of Jacob V. Johnson, deceased, of whose estate the said Newman is receiver.

"*This October* 25, 1881.

[Signed] "JOHN BRUCE, Judge."

At the following term, in April, 1882, the defendant Moody filed the following answer:

"In answer to the citation served on him in the above-styled cause, Amos L. Moody, as administrator *de bonis non* of the estate of Jacob V. Johnson, states that the only assets that have come into his hands as administrator were 85 shares of the M. &. C. R. R. stock, which was sold under the orders of the probate court of Franklin county, and from the sale thereof the sum of $541.25 was realized. The said sale was duly confirmed, and the proceeds thereof expended and disbursed in part payment of the cost of administration, all of which will be more fully seen by Exhibit A, showing the different payments made out of said fund, and Exhibit B, the decrees of the court thereon, and which are made as part of this answer. He further states that said fund was garnished in his hands by process of garnishment served on W. D. Bowen and respondent from the circuit court at Lauderdale county in favor of W. A. Bassinger v. Reuben Copeland, Adm'r of said estate of Jacob B. Johnson, and W. D. Bowen and respondent Amos L. Moody, long prior to issuance and service of said citation. Now, having fully answered, respondent prays to be hence dismissed with his reasonable costs in this behalf expended.

[Signed] "AMOS L. MOODY."

Thereupon the following was rendered:

"This cause is submitted on petition of William P. Newman, receiver, etc., for decree against Amos L. Moody, and it appearing to the satisfaction of the court that the said Moody received, on the eleventh day of June, 1880, five hundred and forty-one 25-100 dollars of moneys belonging to the estate of the said Jacob V. Johnson, deceased; and it further appearing to the satisfaction of the court that said Moody has disbursed the same without authority of law and contrary to the orders of this court: It is therefore ordered, adjudged, and decreed by the court that said Moody pay to said William P. Newman, as such receiver, the sum of six hundred and twenty dollars and seventy-four cents, that being the principal, with the interest added thereon to this date,

besides the costs of the proceedings upon this petition, for which let execution issue.

"*April* 14, 1882.

    [Signed]                           "JOHN BRUCE, Judge."

At the succeeding term of court the following was entered:

"Come the parties by their solicitors, and, upon motion and showing deemed satisfactory to the court, it is ordered that the former submission of the particular matter of the petition of Wm. P. Newman, receiver, against A. L. Moody, and the answer of said Moody to said petition, be set aside and a new submission of said matter be granted, to be heard and decided in vacation, and that the counsel be allowed thirty days in which to file briefs; also that said A. L. Moody have leave to file an amended answer, and that he be allowed fifteen days within which to file said answer."

The defendant has filed a demurrer, and an amended answer and demurrer, and the cause has been submitted to the circuit judge on the record and briefs.

    *L. P. Walker & Betts*, for receiver.

    *O'Neal & O'Neal*, for defendant.

PARDEE, J. The demurrer filed by defendant contains 23 counts, but practically makes but three points: (1) That the receiver had not been previously authorized nor instructed by the court to institute the suit; (2) that the proceedings were summary, and not by regular bill and subpœna; and (3) the remedy should have been by action at law.

The amended answer states the same defense as the original, but more explicitly, and, unlike the original, is properly verified. The brief filed by defendant is devoted to sustaining the points made by demurrer, of which it is sufficient to say that the demurrer was filed too late, being filed without leave, and after answer and submission. By answering, defendant waived all objections to the form and modes of proceeding.

The sole point made by counsel for the receiver is that the decree was final with the April term, 1882, and beyond the power of the court to vacate at the subsequent term. If it was a final decree and appealable the point is well taken. *Cameron* v. *McRoberts*, 3 Wheat. 593; *McMicken* v. *Perin*, 18 How. 507. "No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court. But, if no appeal lies, the petition may be admitted at any time before the next term of the court, in the discretion of the court." Equity rule 88. I doubt if the decree was a final decree. It in effect only changed the custody of the fund in controversy. It was yet to be disposed of by the court, and if it had been paid over to the receiver, could, if justice required, have been turned back to the defendant. As it was not paid over, it was within the discretion of the court to re-examine the question as to whether it should be paid over. But as no appeal lay from the decree to the supreme court, under the equity rule referred to, it was within the discretion of the court to allow a rehearing

before the end of the next term, even if the decree was final.   On the merits of the case equity and justice are with the defendant.

Aside from the answers and exhibits attached, there is no evidence adduced.   From the answers and exhibits it appears that the defendant, as administrator *de bonis non*, with the will annexed of Jacob V. Johnson, came into possession of the sum of $541.25, long prior to the appointment of plaintiff as receiver in the case of *W. H. Johnson* v. *W. R. Alexander*, by this court, and that prior to notice he (defendant) had fully disbursed the same under orders and judgments of the probate court of Franklin county, by which court he was appointed administrator, and with which court he has settled his accounts.   On what equity he can be compelled to pay again has not been pointed out.   The former decree was based on the ground "that said Moody has disbursed the same without authority of law, and contrary to the orders of this court."   This does not appear at this time, but the contrary is fully established.   Moody was not a party to the main case, and he disbursed the money under orders of the court which appointed him administrator long prior to notice from this court.

A decree will be entered at the next term, vacating the decree entered herein at the April term, 1882, and dismissing all proceedings against Amos L. Moody, with costs.