EDWARD O. MERRILL & another *vs.* CAPE ANN GRANITE COMPANY.

Suffolk.     January 23, 1894. — March 30, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Distribution of Surplus by Receivers among Stockholders — Assignment for Benefit of Creditors of Stockholder indebted to the Corporation — Equitable Set-off.*

The stockholders of a corporation which had become unable to obtain money to carry on its business voted that proceedings be instituted for the appointment of a receiver to take charge of its assets and to close up its affairs. The capital stock was divided into five hundred shares of which A. owned two hundred and fifty, B. two hundred and twenty-five, and other persons the remaining twenty-

five. The vote was passed by stockholders representing four hundred and seventy-five shares, of whom B. was one, and the same stockholders united in a request in writing for the appointment of receivers. Thereupon, upon the petition of a creditor of the corporation and of B., receivers were appointed, who, after having discharged in full all the obligations of the corporation to its creditors, had remaining in their hands a considerable amount of money for distribution among the stockholders. When the receivers were appointed, B. was himself indebted to the corporation to an amount far exceeding the amount which finally remained in the hands of the receivers for distribution. Subsequently to the appointment of receivers, B. made a general assignment to trustees for his creditors, to whom his indebtedness exceeded the assets of his estate. The receivers of the corporation, in accordance with an order of court, assented to B.'s assignment, and became parties thereto, and filed with the trustees a proof of the claim of the corporation against him, to which was annexed a statement that it was " without waiving any rights in law or equity which we may have by way of set-off or otherwise on account of dividend or dividends or payments from funds in our hands upon stock of the Cape Ann Granite Company standing in the name of B. at the time we were appointed receivers of said Cape Ann Granite Company." The assignment executed by B. contained a clause providing that the creditors who should assent and sign should thereby accept and take in payment of their respective debts the dividend payable under the assignment, and that they severally discharged B. from all such demands. The order under which the receivers became parties to the assignment was entered upon their petition, in which it was recited that it was necessary for the corporation to become a party in order to share in the dividends, and that it was for the interest of the corporation so to do, and the decree in terms allowed the receivers to become parties to the assignment, and thereby compound the liability of B. to the corporation, and to accept the dividends paid under the assignment in full discharge of that liability. *Held*, that, as the corporation was not dissolved, but continued as an existing corporation, and the certificate of stock owned by B. being held by his trustees, who had paid no dividend under the assignment, the creditors of B. had under the assignment no equity superior to that which he had when he made the assignment, and that the stockholders of the corporation other than B and his trustees had an equity superior to that of B. to the fund in the hands of the receivers, and that a set-off against the claim of his trustees to a distributive share of the funds in the hands of the receivers should be allowed.

BARKER, J. The question for decision is raised by the appeal of the administrators with the will annexed of the estate of Benjamin F. Butler from a decree of the Superior Court, upon the petition of the receivers of the Cape Ann Granite Company for instructions as to the division among its stockholders of a considerable amount of money, which remains in their hands after having discharged in full all the obligations of the corporation to its creditors.

The corporation was organized in the year 1869, and its business was the quarrying and furnishing of granite for buildings

c

and for other purposes. In the autumn of 1891, finding itself unable to obtain money with which to carry on its operations, its stockholders by vote directed its president to cause proceedings to be instituted for the appointment of a receiver to take charge of its assets and effects, and for the liquidation and closing up of its concern, and especially to complete certain contracts to furnish stone for the erection of certain buildings. The capital stock of the corporation was divided into five hundred shares, of the par value of one hundred dollars each, two hundred and fifty of which shares were held by Mr. Butler, two hundred and twenty-five by Jonas H. French, and the other twenty-five by other persons. The vote mentioned was passed on November 15, 1891, by stockholders representing four hundred and seventy-five shares, one of whom must therefore have been French, and the same stockholders united in a request in writing for the appointment of receivers. Thereupon a petition to the Superior Court was signed, on November 16, 1891, by the firm of E. O. and F. H. Merrill, who were creditors of the corporation to the amount of only $71.24, and by Jonas H. French, praying that receivers might be appointed to take charge of the estate and effects of the corporation, and to manage and control its affairs, and to close up its concern and dispose of its property should such a course become necessary, to carry out the contracts if found advisable, and to do such things in connection with the estate as the court should decree, and as should be proper and for the benefit of the corporation, its stockholders, creditors, and other persons interested.

On November 20, 1891, receivers were appointed to take possession of all the assets of the corporation, and were authorized to carry out its contracts, and to incur and defray such expenses consistent with the purposes of the corporation and the management of its business as might be necessary for the protection and maintenance of the property received by them, and the winding up of the affairs of the corporation.

At this time French was himself indebted to the corporation to an amount, as the receivers now allege, exceeding $75,000, which the agreed facts state is far in excess of the amount now in the hands of the receivers for distribution, and no part of which has since been paid. On November 25, 1891, French

made a general assignment to trustees for the benefit of his creditors, to which a great majority of them in number and amount have assented, and his indebtedness to them far exceeds the assets of his estate. The receivers of the corporation, in accordance with an order of court granted on May 13, 1892, assented to French's assignment, and became parties thereto before June 1, 1892 ; and on August 17, 1893, they filed with the assignees or trustees of French a proof of the claim of the corporation against him, to which was annexed a statement that it was " without waiving any rights in law or equity which we may have by way of set-off or otherwise on account of dividend or dividends or payments from funds in our hands upon stock of the Cape Ann Granite Company standing in the name of Jonas H. French at the time we were appointed receivers of said Cape Ann Granite Company."

The assignment executed by French recited that he was unable to pay his debts at maturity, and desirous to convey all his property for the benefit of his creditors, to be distributed in substantial conformity with the provisions of the law concerning insolvent debtors ; and it transferred all his property, except that exempt by law from levy on execution, to the assignees, in trust to pay over and distribute the proceeds in the manner provided by the insolvent laws for the distribution of insolvent estates, with a clause providing that for the purpose of distribution all claims were to be made up as if due on November 25, 1891, interest being added or rebated as each case might require, and also with a clause providing that the creditors who should assent and sign should thereby accept and take in full payment and discharge of their respective debts existing at that date the dividend payable under the provisions of the assignment, and that they severally released and discharged French from all such demands. The order under which the receivers of the corporation became parties to this assignment was entered upon a petition of the receivers, filed on April 22, 1892, reciting the facts of the existence of the claim against French and of his assignment, and that it was necessary for the corporation to become a party in order to share in the dividends, and that it was for the interest of the corporation and its creditors, and of all persons having any interest in the corporation, that the receivers should become parties

to the assignment and accept the dividends thereunder in full discharge of the liability of French to the corporation, and praying that the receivers might be ordered to become parties to the assignment, and thereby compound the liability of French to the corporation, and accept the dividends paid under the assignment in full discharge of that liability. The decree in terms allowed the receivers to become parties to the assignment, and thereby compound the liability of French to the corporation, and to accept the dividend paid under the assignment in full discharge of that liability.

The Cape Ann Granite Company has not been dissolved, but is an existing corporation. The certificate of stock which was held by French is now in the hands of his assignees. They have as yet paid no dividends under the assignment. The receivers of the corporation have sold all the property of the corporation not including its claim against French, and have performed its contracts and paid all its debts in full, both principal and interest, and have in hand about $20,000, to be divided among the stockholders, or disposed of as the court may order. Under these circumstances the receivers have petitioned the Superior Court for instructions, whether in the division of the fund the stock standing in the name of French is to be charged with the debts due from him to the corporation.

Upon this petition the Superior Court has adjudged that the debt due from French cannot be set off against the claim of his assignees to a distributive share of the fund in the hands of the receivers, and the receivers have been ordered to distribute the fund among the stockholders in the proportion in which they owned stock when the receivers were appointed, paying to the assignees of French the share due to the stock which then stood in his name. From this decree the administrators of the estate of Mr. Butler have appealed, and the agreed facts conclude with the statement that the question presented is whether the debt due from French to the corporation can be set off against the claim of his assignees to a distributive share of the fund in the hands of the receivers.

In dealing with this question we are not embarrassed by technical rules as to parties or pleadings, nor limited by statute provisions as to set-off, but are at liberty, in the exercise of a

jurisdiction possessed by the Court of Chancery before the enactment of such statutes, to apply the doctrine of set-off as grounded upon natural equity. *Ex parte Stephens,* 11 Ves. 24, 27. No doubt the general rule in equity as well as at law is that demands to be set off must be mutual, and that debts accruing in different rights cannot be set off against each other. But when there are peculiar circumstances which make it necessary, as the only way to prevent a clear injustice, to allow the set-off of debts not mutual but accruing in different rights, this may be done by courts of full equity jurisdiction. It has been held that in such cases they look beyond forms to the essence of transactions out of which the demands arise, and beyond the nominal parties to those to be affected by the decree ; and if a party to be so affected has a clear natural equity, arising out of the transactions and superior to any equity which can be urged in favor of those for whose benefit the claim to an equitable set-off is resisted, such courts may order debts not mutual, but accruing in different rights, to be set off and made to discharge each other. See *Holbrook* v. *American Ins. Co.* 6 Paige, 220, 231 ; *Blake* v. *Langdon,* 19 Vt. 485 ; *Brewer* v. *Norcross,* 2 C. E. Green, 219 ; *Hannon* v. *Williams,* 7 Stew. 255.

In the present case, those who have the ultimate interest are the creditors of French on the one side, and on the other those who were his fellow stockholders when the receivers were appointed. No facts appear which give to the creditors of French a better equity or higher claim than he himself could urge. Before their rights to an interest in the corporation accrued through him, the corporation had been placed by his acts in such a position that the only possible advantage which he or any other stockholder could derive from the ownership of stock must come through the decree of a court of equity ; and unless for some reason it should be found by the court just and equitable to discharge the receivership and allow the corporation as a going concern to resume the exercise of its franchise and again pursue the purposes of its charter, it must come in the form of a dividend to be made among the stockholders after the demands of all other persons shall have been satisfied in full. No stockholder, and least of all French, upon whose petition the receivers were appointed, could justly or equitably claim the right there-

after, and while the receivership continued, to treat the corporation as a going concern, with the result of withholding from the fund to be raised to adjust its affairs the debt due to it from himself, and at the same time of sharing in its dividends. The decree of receivership was equivalent, so far as his equitable rights in the adjustment of the corporate property were concerned, to a dissolution of the corporation; and his creditors and the assignees of his estate have succeeded only to his rights and equities. While a corporation ordinarily has no lien on the shares of a stockholder who is indebted to it, it may set off the dividends of a stockholder against his debt. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 90. *Massachusetts Iron Co.* v. *Hooper*, 7 Cush. 183. The interests of stockholders in a corporation which has been put into the hands of a receiver to be wound up are thereby reduced, as in the case of a dissolution, (see *James* v. *Woodruff*, 10 Paige, 541, 546,) " to mere equitable rights to their several distributive shares of the corporate funds, upon principles of equal justice and equity among all the stockholders, after paying all debts and expenses "; but, in the case of a receivership without a dissolution, with the additional possibility that, if the the circumstances shall be found to justify such a course, the receivership may be discharged, and the corporation allowed to resume its functions and manage its own affairs. To do equal justice and equity among these stockholders requires that the fund to be distributed should be made to repay to the corporation, so far as it is sufficient to do so, that share of the corporate funds which French, by becoming indebted to the corporation, had withdrawn for his individual use, to the detriment of the other stockholders. This is plain natural equity, and his insolvency makes it impossible to do justice to the other stockholders except by making his distributive share of this fund compensate, so far as it will, the debt which he owes to the corporation, and is therefore a peculiar circumstance which makes it the duty of a court of equity to order the debt to be set off against the dividend.

His assignees took the stock after the receivership proceedings were commenced, and subject to the equities which had thereby sprung up, and no reason is shown why his creditors, whom the assignees represent as well as the debtor, have an equity superior

to that of the other stockholders. Strict technical rights, in this instance springing from the relations of the stockholder to the corporation, must give way to the substantial equities of the real situation, as in other instances in which the doctrine of set-off is applied. No doubt, if the assignees had sold or should now sell the shares of French, the price received would be assets over which the court would have no control; but the purchaser, like the assignees themselves, taking title *lis pendens*, would be subject to all the equities to which French himself was subject, and could not successfully contend that a dividend on the shares should be paid without regard to the debt due to the corporation from French.

The case of *Merchants' Bank* v. *Shouse*, 102 Penn. St. 488, is relied upon as an authority against the set-off in the present case. But that was not a case in equity, the transfer of the stock to the administrators was before the bank went into liquidation, and to have allowed the set-off claimed by the bank would have given it a preference. The case was the ordinary one of a corporation attempting to assert a lien upon the shares of a stockholder for his debt to the corporation. Nor are the numerous cases in point in which courts have refused to set off deposits in insolvent banks and similar corporations against liabilities of the stockholder to contribute to a fund to be used for the payment of all the debts of the corporation. There the controlling equity lies with the creditors of the corporation, and reverses the usual principle of set-off which would prevail if the question were between the stockholder and the corporation alone. But here the creditors of the corporation to which French was indebted have been paid in full, and those cases do not apply. The creditors of French have no equity as against either the corporation or its other stockholders, because French, under whom they claim, had none either at the time when his assignment was made or before. His legal right to claim that his stock was property not subject to his debt to the corporation was not an equity, but a right of strict law; and the assignment to his assignees for the benefit of his own creditors was after he had charged it, by the institution of the receivership proceedings, with an equity in favor of his fellow stockholders.

In our opinion, the decree should be reversed, and the receivers

should be directed to distribute the fund now in their hands to the holders of the other two hundred and seventy-five shares of the capital stock, crediting upon what would otherwise be the amount of the debt due to the corporation from French a sum equal to that which would be required to pay upon his two hundred and twenty-five shares of the stock the same dividend which the other stockholders will thus receive in cash. If in future the assignees of French shall pay a dividend to the receivers upon the debt of French to the corporation, its amount will be adjusted in view of the credit now to be given upon his debt to the corporation, and of such further credit as would be required by the distribution of that dividend also among the holders of the two hundred and seventy-five shares to whom the present fund in the hands of the receivers is to be distributed.

> *Decree reversed, and decree to be entered in accordance with this opinion.*

*G. O. Shattuck & F. L. Washburn*, for the administrators of the estate of Benjamin F. Butler.

*C. Almy & W. H. Coolidge*, for the assignees of Jonas H. French.