ORIN M. CRUMMETT, In Equity,

*vs.*

ARTHUR S. LITTLEFIELD, Admr.

Lincoln.    Opinion December 16, 1903.

*Equity,* Bill to redeem mortgage.    *Set-off.    Pleading, Parties.*
R. S. *(1903), c. 84, ? 40.*

In a bill of equity to redeem a mortgage, the court has jurisdiction between the parties to determine the amount of tax liens outstanding on the mortgaged premises growing out of the original transaction, and which the mortgagee stipulated to pay.

The equitable right of set-off is not dependent upon the express provisions of statute, but is derived from the rules of the civil law and founded upon principles of natural equity and justice. In applying the doctrine, courts having general equity jurisdiction, exercise more extensive powers than those of the common law, and seek to give effect to the rule in all cases where the peculiar equities intervening between the parties clearly require it.

In his bill, in this case, the plaintiff averred that the amount due is not equal to the amount of the unpaid taxes; that a notice of foreclosure of the mortgage has been published and entered of record; that he demanded a true account of the sum due on the mortgage, but that the defendant neglected and refused to render such account; that he was ready and willing to pay the amount which may be found to be equitably due; and that the estate of the defendant's intestate, has been rendered insolvent.

The prayer of the bill is for an accounting of the sum equitably due for the principal and interest, the amount due for all taxes legally assessed upon the property; that such incumbrance may be offset against the mortgage debt and that the plaintiff be allowed to redeem upon the payment of the balance, if any.

As it would be neither just nor reasonable to compel the plaintiff, to pay the entire amount due on the mortgage debt and depend solely upon the estate of defendant's intestate for his protection against the outstanding tax titles, *held;* that equity unquestionably entitles the plaintiff to redeem his property by paying the balance of the mortgage debt after deducting the amount of any valid tax liens upon it.

The town and other claimants under tax deeds of the premises, if any, should be made parties defendant to this bill.

On report.    Bill in equity, heard on demurrer.

Case remitted for amendment as to parties, according to the stipulation agreed on.

Bill to redeem a mortgage.    The facts appear in the opinion.

*H. M. Heath, C. L. Andrews and F. L. Dutton,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

WHITEHOUSE, J.    In this bill in equity brought to redeem a mortgage on certain real estate in Somerville, the plaintiff contends that by virtue of the covenant against incumbrances contained in the deed of warranty of the premises given to him by the defendant's intestate, he is entitled to have the amount of certain tax liens outstanding on the mortgaged premises, deducted from the amount due on the mortgage, and to have a decree entered only for the balance.

May 7, 1894, the defendant's intestate, Hiram Bliss, Jr., conveyed to the plaintiff two parcels of land by a deed of warranty containing the following stipulation in the granting clause: "Said grantee is to pay all taxes on the piece first described, and the grantor those now due on the balance." It contained a covenant that the premises were "free from all incumbrances except any taxes that may be on the first described lot," etc. The plaintiff accordingly relies upon the covenant of warranty against incumbrances as to the second parcel of land.

As a part of the same transaction, the plaintiff reconveyed the premises to the defendant's intestate by deed of mortgage to secure $500 of the purchase money.

In his bill the plaintiff alleges that the covenant against incumbrances in his deed was broken when it was delivered, for the reason that taxes legally assessed upon the property by the town of Somerville for many years, "probably" amounting in the aggregate to $260, were then and still are due and unpaid; that the town of Somerville advertised and sold the property for taxes and gave tax deeds therefor, and prior to the date of the plaintiff's bill commenced an action against him to recover possession of the premises by virtue of such tax deeds.

The plaintiff also avers that he has paid $500 upon the principal of the mortgage indebtedness, and that the amount now due is not equal to the amount of the unpaid taxes; that in July, 1901, a notice of foreclosure of the mortgage was published and entered of record; that in June, 1902, he demanded of the defendant a true account of the sum due on the mortgage, less the amount of the unpaid taxes, but that the defendant neglected and refused to render such account; that the premises in question are of much greater value than the amount legally due on the mortgage; that he is ready and willing to pay the amount which may be found to be equitably due, and that the estate of the defendant's intestate has been rendered insolvent.

The plaintiff accordingly prays that an account may be taken of the sum equitably due for principal and interest on the mortgage; that an account may also be taken of the amount due for all taxes legally assessed upon the property to the date of his deed; and that thereupon the amount of such incumbrance be offset against the amount found due upon the mortgage, and the plaintiff be allowed to redeem upon the payment of the balance if any.

To this bill the defendant filed a general demurrer on the ground that the facts alleged do not justify any relief in equity, and also demurred specially because the town of Somerville is not made a party to the bill.

This cause comes to this court on report with the stipulation that if the demurrer is sustained upon the ground that the plaintiff is not entitled to have the amount of the taxes deducted from the mortgage debt, the bill is to be dismissed, but the plaintiff is to have the right to redeem by paying the amount of the debt to be fixed by the court

below. If the demurrer is sustained on other grounds, or is over-ruled, answer and replication may be filed and the amount due fixed below without appeal.

The equitable right of set-off is not dependent upon the express provisions of statute, but is derived from the rules of the civil law and founded upon principles of natural equity and justice. In applying the doctrine, courts having general equity jurisdiction exercise more extensive powers than those of the common law, and seek to give effect to the rule in all cases where the peculiar equities intervening between the parties clearly require it. Waterman on Set-Off, 426; *Holbrook* v. *Bliss*, 9 Allen, 77; Story's Eq. Jur. §§ 1434 and 1435; *Greene* v. *Darling*, 5 Mason, (1st Cir. Court) 201. "Courts of equity in matters of set-off usually follow the law, but in many cases where there is some intervening equity they will allow a set-off where a court of law would not. . . . . Insolvency of itself will often raise an equity which will justify the interference of the court, even when the party desiring the set-off is himself the petitioner." *Goodwin* v. *Kevey*, 49 Conn. 569.

"The doctrine of set-off," says Mr. Pomroy, "by which a defendant may recover judgment for debt against the plaintiff is wholly of statutory origin; and the doctrine of recoupment, by which the plaintiff's pecuniary recovery may be lessened, by means of a claim for damages in favor of the defendant, is a very recent innovation upon the common law methods of procedure. The modes of procedure in a court of equity have never been thus restricted. . . . . . It may make any adjustments, admit any limitations and determine upon any cross demands and subordinate claims which complete justice done to the parties should require." 1 Pom. Eq. 175.

A question analogous to the one at bar was presented in *Harrington* v. *Bean*, 94 Maine, 208. In that case, as in this, the claim which the mortgagor asked to have allowed in reduction of the mortgage debt, was not a separate and independent claim, that could only be allowed as a set-off, if at all, but was one that arose directly out of the contract involved in the mortgage transaction, and necessarily reduced the value of the mortgage property. In that case the incumbrance was a right of flowage which materially lessened the value of

the land for which the mortgage deed was given. In a real action brought by the defendant to foreclose the mortgage, the plaintiff sought to have his damages arising from the breach of covenant against incumbrances determined and allowed in reduction of the mortgage debt. This was refused by the court on the ground that the existence of the incumbrance was only a partial failure of consideration, and therefore no defense at law to any part of the note. *Bean* v. *Harrington,* 88 Maine, 460. It is a satisfaction to remark, parenthetically, that this defect in our law was promptly remedied by chapter 322 of the Public Laws of 1897, R. S. (1903), c. 84, § 40. The plaintiff, Harrington, thereupon brought suit for covenant broken against the defendant and recovered judgment for $350. This judgment was not paid and the estate of Dexter the defendant's intestate was represented insolvent. The question then arose whether Harrington was entitled to have the judgment for damages allowed in reduction of the mortgage debt. In the proceeding in equity (94 Maine, 208, supra) for that purpose the court say: "That such a claim ought in equity and good conscience to be allowed on the mortgage debt should be self evident, and is abundantly supported by the decided cases."  . . . .

"Again it now appears that the estate of Dexter has since been declared insolvent. In such case even equitable claims against the estate are admissible in set-off to claims made by the executor. R. S. (1883), c. 82, § 63; *Lyman* v. *Estes,* 1 Maine, 182; *Medomak Bank* v. *Curtis,* 24 Maine, 36; *Ellis* v. *Smith,* 38 Maine, 114."

"It cannot be that a court with full equity powers cannot reach the evident equity of this case and enforce it. The mortgagor has done no wrong, and is an innocent sufferer from a wrong done him by the mortgagee in the mortgage transaction. He only asks that the mortgage debt be chancered to that extent. We have no hesitation in saying that it should and can be done."

In *Johnson* v. *Gere,* 2 Johns. Ch. 546, the defendant gave a bond and mortgage to secure purchase money, and an action of ejectment was brought against him by one claiming a paramount title. The plaintiff brought suit on the bond. On application to the court of chancery, an injunction was granted staying the proceedings on the

bond and mortgage until the action of ejectment against the vendee was determined. The chancellor distinguished the case from those where there was only an allegation of an outstanding title, and no disturbance, prosecution or eviction. Here, he said "the party was actually prosecuted by an action of ejectment on the ground that the title derived from the defendant was defective. The defendant is entitled and it will be his duty to defend the ejectment suit, and until that suit is disposed of, he ought not to recover the remaining moneys due on the bond."

*White* v. *Stretch*, 22 N. J. Eq. 76, was a bill to foreclose a mortgage given to secure purchase money. The defendant's deed of the property to the plaintiff contained a covenant that the premises were free from "all assessments and incumbrances of what nature or kind soever." It was held that the cost of a sewer was an incumbrance existing at the date of the deed, and should be deducted from the amount of the mortgage debt. The proceedings relating to the construction of the sewer had been confirmed by the court at the date of the deed, and the amount of the assessment subsequently determined by the commissioners appointed for that purpose.

In *Dayton* v. *Dusenbury*, 25 N. J. Eq. 110, a writ to foreclose a purchase-money mortgage on lands, the contention of the defendant was, that there had been a breach of the covenant against incumbrances in the deed to him, because at the date of the conveyance the premises were subject to the lien of certain judgments against former owners of the property, and that the amount of these judgments should be set-off against the mortgage debt. The plaintiff replied that some of these outstanding judgments, being against a married woman, created no lien on the property. The court thereupon considered the question thus presented respecting the validity of the lien, and determined that all the judgments were valid liens; but it appearing that the aggregate amount of the judgments far exceeded the amount of the mortgage debt, the decree was that the suit for foreclosure be stayed until the premises were released from the lien of the judgments.

But the defendant suggests that in all these cases above cited in which the set-off or reduction was allowed, the amount of the damages arising from the outstanding liens and incumbrances had been made

certain by judicial determination, and that the cases are therefore distinguishable from the case at bar, in which it neither appears that the taxes were paid by the plaintiff before commencing his bill to redeem nor that the validity of the tax liens has ever been established by the courts.

. But this objection was not deemed insuperable or even worthy of consideration by the New Jersey Court of Equity in *Union Nat'l Bank* v. *Pinner*, 25 N. J. Eq. 495. That case is exactly in point. In all essential respects it is precisely like the case at bar. There, as here, the contention was that when the mortgaged premises were conveyed they were subject to certain tax liens still outstanding, and that, by virtue of covenants against incumbrances contained in the deed of conveyance, the amount of the tax liens should be deducted from the amount due on the mortgages and a decree taken, if at all, only for the balance. In the opinion the court says: "I think the second point is well taken. . . . The rule of law is established in this State by the case of *White* v. *Stretch*, (22 N. J. Eq. 76), and the previous decisions in chancery therein referred to, that in a suit to foreclose a purchase-money mortgage, the mortgagor and grantee in the conveyance can claim deductions for incumbrances covenanted against in the deed from the mortgagee. It is altogether an equitable and reasonable rule, and must be enforced in the present case. The assignees hold the mortgages subject to this equity; and the master in ascertaining the amount due for principal and interest on the mortgages must ascertain, also, the unpaid taxes against the premises at the giving of the deed, and deduct them, with lawful interest thereon, from the amount of the mortgages."

It does not expressly appear in this last case, as it does in *Dayton* v. *Dusenbury*, supra, that any question was raised in regard to the validity or amount of the existing liens. If any question was raised in the last case in regard to the legality of the tax assessments or the validity and amount of the outstanding liens, it was included in the reference to the master and determined in that suit for foreclosure; as was done in *Dayton* v. *Dusenbury*, 2 Johns. Ch. supra.

In the case at bar, upon the allegations in the plaintiff's bill, the defendant's demurrer admits that the taxes claimed to have been

legally assessed upon the mortgaged premises for several years were unpaid at the time of the conveyance; that the property had been sold for non-payment of taxes, tax deeds given therefor, and an action commenced by the town of Somerville to recover possession of the premises by force of such tax deeds. But the question of the validity and amount of the outstanding liens has not been judicially determined. The estate of the defendant's intestate is insolvent, and may yield nothing whatever for the payment of debts of the fourth class. It would be neither just nor reasonable to compel the plaintiff to pay the entire amount due on the mortage debt and depend solely upon the estate of the defendant's intestate for his protection against the outstanding tax titles. If the defendant contests the validity of the tax titles and denies the existence of any incumbrance upon the property, it is his right and duty, by virtue of the covenants in the deed of his intestate, to defend the real action brought against the plaintiff to deprive him of the possession of his property. Until the question of the validity and amount of the tax liens has been determined by the court, either in the real action pending against the plaintiff or by direct inquiry in this bill for redemption, the amount which the plaintiff is equitably required to pay in order to redeem the premises cannot be duly ascertained. It is the constant aim of courts of equity to prevent circuity of action and avoid multiplicity of suits by adjusting as many claims and counter-claims as practicable in a single proceeding. Equity unquestionably entitles the plaintiff to redeem his property by paying the balance of the mortgage debt after deducting the amount of any valid tax liens upon it. The amount of such liens can and should be ascertained and allowed in reduction of the mortgage debt in this proceeding. Such an adjustment of the whole controversy in a single bill is in harmony with principles of equity jurisdiction and the rules of chancery practice in this State, and is authorized by numerous precedents in other states. If the plaintiff's bill is now dismissed on the ground that the amount of valid tax liens cannot be offset in the decision of this cause, the defendant's proceedings for foreclosure become perfected and the plaintiff's remedy barred. This would be clearly unjust and unnecessary. Courts of general equity jurisdiction are not thus restricted in their

modes of reaching and enforcing the manifest equity of a cause. No injustice is done to the estate of the defendant's intestate in requiring a simple performance of the covenants in his deeds.

But it is the opinion of the court that the town of Somerville and the other claimants under tax deeds of the premises, if any, should be made parties defendant to this bill. According to the stipulation in the report, if the demurrer is sustained on the ground that such claimants are not made parties, "answer and replication may be filed, and the amount due be fixed below without appeal with the right of amendment if necessary."

The demurrer is sustained solely on this ground, and the cause remanded for further proceedings in accordance with this opinion and the stipulation of the parties contained in the report.

*Mandate accordingly.*