## MARY F. HURD *vs.* FRED W. CHASE.

Aroostook.    Opinion December 21, 1905.

| | |
|---|---|
| 100 | 561 |
| 106 | 219 |

*Real Action.   Deed.   Life Estate.   Bond for Support.   Possession of Granted*
*Premises.   Equity Powers of Supreme Judicial Court in Actions at Law.*
*Technical Pleadings Considered Waived, When.*
*R. S., c. 84, § § 17-21; c. 106, § 5.*

1. The court now having full equity powers has the power to treat a conveyance or a reservation in a conveyance absolute in terms, as made solely for security for some obligation, if it finds such to be the fact from extrinsic evidence.

2. Having this power the court also has the power in such a case to determine from extrinsic evidence what the obligation is that was intended to be secured, including its nature, extent and terms.

3. When the instrument made as security itself contains a description of the obligation to be secured, the court cannot add to, nor take away anything from such description, but when the instrument contains no description the court can ascertain the full terms of the obligation from extrinsic evidence.

4. These equity powers of the court can now be exercised in an action at law for the possession of the estate thus conveyed or reserved. A separate bill in equity is not now necessary for that purpose.

5. Upon report of an action at law technicalities in pleading are to be regarded as waived unless otherwise stipulated, and, at least in the absence of such stipulation, the court can ascertain and decide upon its merits the real controversy in the case.

6. In this case the plaintiff reserved in terms an absolute life estate out of a farm conveyed by her to the defendant, but the court finds that one consideration for the conveyance was the bond of the defendant to support the plaintiff on the farm, and that the reservation was made solely as security for the performance of the bond. *Held:* that the defendant is entitled to retain possession of the farm until a breach of his bond and, no such breach being shown, the plaintiff is not yet entitled to possession.

On report.    Plaintiff nonsuit.

Real action wherein the plaintiff demanded against the defendant eighty acres of land, with its appurtenances, from the south part of Lot 82, in Perham, Aroostook County, "whereof the plaintiff was seized in an estate for life within twenty years last past." Writ dated November 14, 1903.    Plea, nul disseizin.    Evidence taken out

at December term, 1904, of Supreme Judicial Court, Aroostook County, and by agreement case sent to the Law Court on report.

The case appears in the opinion.

*Willis B. Hall, Wm. P. Allen and Louis C. Stearns,* for plaintiff.
*Ira G. Hersey and A. B. Donworth,* for defendant.

SITTING: EMERY, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J. This is a real action. The plaintiff formerly owned the demanded land (a farm) in fee subject to a mortgage, but conveyed it to the defendant with the following habendum clause: "To have and to hold to the said Fred W. Chase (the defendant) his heirs and assigns to and for the following uses, viz: To the use of me, the said Mary F. Hurd, (the plaintiff) during my natural life and after my decease or other determination of said estate, to the use of the said Fred W. Chase and his heirs and assigns forever." The consideration for this conveyance was the agreement by the grantee (the defendant) to assume and pay the mortgage debt on the land and his bond to the plaintiff for her support in the house on the conveyed premises during her life. This bond was executed and delivered at the same time as the deed and was a part of the same transaction and furthermore recites the deed. Under these instruments the defendant at once took possession of the demanded premises in order to take care of the plaintiff as stipulated in his bond, and she went upon the premises to receive the stipulated support and remained there ten days. She then brought this real action to recover her life estate. There is no suggestion in the report of any failure of the defendant to perform his bond.

It may be conceded that the plaintiff has the legal title to a life estate in the land, but to maintain this action (ignoring technicalities in pleading), she must be entitled to possession as well. R. S., ch. 106, sec. 5. One may retain his title to real estate while debarring himself from right of entry and possession. We think the plaintiff has done so in this case. It is evident that she reserved a life estate simply and solely as security for the performance of the defendant's bond to maintain her on the premises. It is as if the defendant had

mortgaged to her a life estate for the same purpose. It is clearly implied in the instruments that the defendant was to have possession of the farm and its revenues to enable him to perform his bond, and as long as he performed it. This bars an action for possession until there is a breach of the bond which is not yet shown. *Lamb* v. *Foss*, 21 Maine, 240; *Norton* v. *Webb*, 35 Maine, 218; *Brown* v. *Leach*, 35 Maine, 39; *Davis* v. *Poland*, 99 Maine, 345-348.

True, the reservation of the life estate in the deed is not in terms conditioned or otherwise than absolute, but since this court has possessed full equity powers it has had full power to go beneath the terms of a conveyance, or reservation of an estate to ascertain whether it is in fact unconditional or only for security for some obligation. *Reed* v. *Reed*, 75 Maine, 264; *McPherson* v. *Hayward*, 81 Maine, 329. And for this purpose the court may even resort to oral evidence. *Knapp* v. *Bailey*, 79 Maine, 195.

True, again, there are cases holding that the right of possession by the mortgagor must be expressed or necessarily implied in the deed itself and cannot be sustained by oral evidence nor even by written instruments not referred to in the deed. Those cases, however, were cases of deeds of mortgage in form, and were decided before the court had the power to go beyond the terms of the deed to get at the truth of the transaction. If the court has power to ascertain and declare that a deed, absolute in terms, is in fact a mortgage, it necessarily has power to ascertain in the same way what is the obligation the deed is to secure.

There are also cases holding that the conditions expressed in the deed, the statement in the deed itself of what it is intended to secure, cannot be enlarged by parol nor even by the language of other writings between the parties not referred to in the deeds. See *Mason* v. *Mason*, 67 Maine, 546.

Those cases, however, are not applicable to this case where no conditions are expressed in the deed, and where there is no description whatever of the obligation to be secured. When the parties to a deed undertake to describe therein the obligation to be secured the court cannot enlarge or limit it, but when no description is given and yet the deed is unquestionably to secure some obligation, the nature and

extent of that obligation are to be ascertained from sources outside of the deed.

Of course, the court should not declare a conveyance, or reservation, of an estate absolute in terms, to be for security only, unless fully satisfied upon clear, convincing evidence that such is the truth. In this case, however, the inference from the evidence is irresistible. It is to be noted also that the action is by the original party to the deed.

True, this suit is an action at law, but now, since the enactment of R. S., ch. 84, secs. 17 to 21 inclusive, the court can use its equity powers to apply equitable principles in the defense to an action of law. A separate bill in equity is not now necessary for that purpose.

The defendant pleaded nul disseizin only, without any plea of equitable matter and it is suggested that by that plea he denies her title and thus enables her to maintain this action to establish her title. By reporting the case the parties must be held to have waived technical questions of pleading, there being no stipulation otherwise. *Pillsbury* v. *Brown*, 82 Maine, 455.

It is evident that the only issue between the parties, and the only issue that needs decision, is the right of present possession. That issue we are authorized by the report to decide.

*Plaintiff nonsuit.*