THOMAS A. COOPER

BANK COMMISSIONER OF THE STATE OF MAINE

*vs.*

FIDELITY TRUST COMPANY.

IN RE: PETITION OF EMERY O. BEANE, RECEIVER

OF

FINANCIAL INSTITUTIONS, INC.

Cumberland.    Opinion, January 11, 1934.

*Beane & Beane*, for petitioner.
*Frank H. Haskell*,
*John F. Dana*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, JJ.

Sturgis, J.    On Petition in Equity filed by the Bank Commissioner of Maine in accordance with Chap. 93 of the Public Laws of 1933, and known as the "Emergency Banking Act," the Supreme Judicial Court on March 18, 1933, appointed a conservator for the Fidelity Trust Company, a state trust and banking corporation located at Portland, and thereafter the conservator accepted and qualified for said trust, entered upon the discharge of his duties, and in due course his appointment was confirmed and made permanent.

On April 4, 1933, liquidation of the Fidelity Trust Company having been begun, the conservator petitioned the Court for authority to enforce the individual liability of the bank's stockholders

(R. S., Chap. 57, Sec. 93), and, after due notice and hearing, it was ORDERED, ADJUDGED AND DECREED:

"That the assets of the defendant corporation are not sufficient to pay its indebtedness, and that there is due to the creditors of said Fidelity Trust Company the sum of at least one million dollars ($1,000,000) in excess of the amount that can be realized from its remaining assets, and that an assessment of 100% upon the whole capital stock of said Fidelity Trust Company amounting to one million dollars ($1,000,000) upon all the stockholders thereof be, and the same hereby is, made and declared, and that the said Robert Braun, Conservator, be and hereby is authorized and directed to collect from each owner of record of the stock of said Fidelity Trust Company on the eighteenth day of March, 1933, the date when said conservator was appointed in this case, a sum equal to the par value of his or her stock, to be used in payment of the claims of said creditors, . . ."

The conservator thereupon began proceedings to enforce the payment of the assessment.

When the conservator was appointed, Financial Institutions, Inc., a corporation having its principal place of business at Augusta, was the owner of 5,308 shares of the capital stock of the Fidelity Trust Company of a total par value of $530,800, and was also a depositor, having a credit in the form of a demand or checking account which amounted to $38,747.66. It is now insolvent and in receivership, the petitioner in this proceeding having on May 25, 1933, been duly appointed its receiver upon a bill in equity filed in the Supreme Judicial Court for the County of Kennebec.

On June 9, 1933, by decree duly entered as of that date, the conservator of the Fidelity Trust Company was directed to pay to all of its demand depositors and others entitled to share on a parity therewith, a dividend amounting to twenty (20) per cent of their deposits or claims, subject, however, to the following conditions:

"In case of all stockholders in the said Trust Company who have demand deposits or claims against it, the conservator may in his discretion retain until further order of Court

twenty (20) per cent of any demand deposit or claim against said Trust Company held by such stockholder, and in the event that the said conservator has reason to believe that it may be difficult to collect the liability from such stockholder, he shall retain such twenty (20) per cent."

The receiver of Financial Institutions, Inc. here seeks to recover the twenty per cent dividend of $7,749.53 which was so declared upon its deposit in the Fidelity Trust Company but is retained by the conservator of that bank pursuant to the provisions of the decree ordering the distribution and under a claim of the right to set off the liability of Financial Institutions, Inc. as a stockholder.

When this cause came on for hearing, the sitting Justice, being of the opinion that important questions of law were involved, with the consent of all the parties and intervenors, reported it to the Law Court for final determination. The Report is accompanied by an agreed statement which, saving the issue here directly involved, admits the existence of all facts which have been recited and the validity of all proceedings before the Court.

Conservators appointed under the "Emergency Banking Act" are given all "The rights, powers and privileges of receivers of banks and trust companies, including the right and power to enforce stockholders' liability." Sec. 4, Chap. 93, P. L. 1933. These general powers are enlarged but not limited by the special powers there conferred, which relate to borrowing money, pledging assets, distributing dividends, and receiving deposits, and are not here involved. When, therefore, in such a proceeding, the Court elects to liquidate a trust company through a conservator and does not appoint a receiver or trustee as permitted by Sec. 11 of the Act, the conservator, except as the statute otherwise expressly provides, is governed by the general rules applicable to receivers of trust and banking companies, and in that branch of the law we must find guidance for the determination of the question which has arisen here.

By statute, a receiver of a trust and banking company in this state is authorized "to take possession of its property and effects subject to such rules and orders as are from time to time prescribed by the supreme judicial court or superior court or any justice thereof in vacation." R. S., Chap. 57, Secs. 85, 52. As this

statute has been construed, such a receiver is an officer of the Court, subject to its rules and orders and even his possession is the possession by the Court. He takes no title to the property or assets of the trust company and receives his authority to act solely from the Court. "Without that authority given originally or by subsequent ratification, no act of (his) is valid." *Glidden* v. *Rines*, 124 Me., 286, 292, 128 A., 4, 6. In exercising the "rights, powers and privileges of receivers of banks and trust companies," the conservator is subject to and must abide by these rules. He is a ministerial officer of the Supreme Judicial Court which, contrary to the general statute, is given exclusive jurisdiction over conservators of trust companies, and he is subject at all times and in all matters to the direction and control of the Court, which is the source of his authority and to which he is bound to render strict obedience. The conservator's power and right to enforce the liability of the stockholders of the trust company, expressly conferred by the "Emergency Banking Act" and defined by reference in the general law applicable to receivers, appearing as R. S., Chap. 57, Sec. 93, is subject to the same limitations. In that statute it is expressly stated that the individual liability of the stockholders in a trust and banking company, when made to appear, can only be enforced "under proper orders of the court."

The conservator could not disregard the decree of June 9, 1933, wherein he was directed to retain the dividends then declared which were payable to any stockholder whose liability he had reason to believe might be difficult to collect. Financial Institutions, Inc., had already on May 25, 1933, been decreed insolvent and the petitioner had been appointed its receiver. The conservator obviously then had sound reason to believe that the liability of this stockholder would be difficult to collect and, until otherwise ordered by the Court, it was his duty to retain the dividend declared upon its deposit. Unless the Court exceeded its authority in this matter in the first instance, or because of the equities of the case should now modify the order, the action of the conservator must be confirmed.

The stockholders in a trust and banking company in this state are "individually responsible, equally and ratably, and not one for the other, for all contracts, debts and engagements of such corporation, to a sum equal to the amount of the par value of the

shares owned by each in addition to the amount invested in said shares." R. S., Chap. 57, Sec. 93. The liability which the stockholders of the corporation assume when they become shareholders, accrues when the Court having jurisdiction of the proceeding properly decrees that a resort to the statutory liability of the shareholders is necessary, and fixes the amount thereof. *Johnson* v. *Libby*, 111 Me., 204, 210, 88 A., 647. The liability is no part of the corporate assets. *Flynn* v. *Banking & Trust Company*, 104 Me., 141, 147, 69 A., 771. It is created for the benefit of the creditors of the corporation and was formerly enforcible only by the creditors. *Pulsifer* v. *Greene*, 96 Me., 438, 445, 52 A., 921. Now since the amendment appearing in P. L. 1905, Chap. 19, and retained in the current statute, has come into effect, it can only be enforced for the benefit of the creditors by the receiver of the corporation or a conservator having the powers of a receiver. R. S., Chap. 57, Sec. 93; P. L. 1933, Chap. 93, Sec. 4.

The moneys which come into the possession of a receiver or conservator as the proceeds from the collection of the liability of stockholders are available for and must be applied ratably to "all contracts, debts and engagements of such corporation," and, while not in a legal sense assets of the corporation, added to and along with such assets, make up a fund for the benefit of all the creditors having valid claims against the corporation. It is a trust fund held by a single trustee for one and the same purpose or use, regardless of the source from which it is derived or the distinctions which originally attached to its several parts. It may be, strictly speaking, held in different capacities, but when collected it is one common fund.

In *King et al* v. *Armstrong, Receiver*, 50 Ohio State, 222, 233 et seq., 34 N. E., 163, 164, in discussing the national banking law, which was the law of the case, and noting that under Revised Statutes of the United States, Sec. 5234, act of June 30, 1876, the receiver of a national bank is charged with the enforcement of the individual liability of the stockholders, that Court said:

"The receiver is authorized to collect from each stockholder, the necessary amount up to the full extent of his liability, to meet the demands of the creditors, and appears to be charged with that duty. The amount due from the stock-

holders becomes assets to be administered by him, as the other assets of the bank in his hands; and all of the assets, including the individual liability of the stockholders, constitute a trust fund for the benefit of all creditors having valid claims against the bank. It therefore becomes the duty of the receiver, under the direction of the comptroller, to so administer the fund as to secure to each beneficiary his just proportion of it. In his trust capacity, he is the representative of all the creditors, and of all the stockholders, both in the collection of the assets, and their proper distribution; and the fund collected from the stockholders goes into that arising from the other assets, and is distributed in the same way to the creditors, without separation or distinction on account of the source from which it is derived. It altogether constitutes one common fund, for the equal benefit of all the creditors, according to their respective rights."

This trust fund theory was affirmed in *Andrews* v. *State ex rel.*, 124 Ohio State, 348, 178 N. E., 581, and is the rule of the text in *Michie on Banks and Banking*, Vol. 7, Sec. 115d. While originally written concerning national banks and the laws under which they may be liquidated, the theory, we think, may be as soundly applied to a state bank which, as in the case at bar, is governed, as to the liability of its stockholders to its creditors, by essentially similar statutes.

The relation of a depositor to a trust or banking company is ordinarily that of a creditor. *Lawrence* v. *Trust Company*, 123 Me., 273, 122 A., 765; *Sales Company* v. *Trust Company*, 127 Me., 65, 141 A., 102. This is the status of Financial Institutions, Inc., in respect to its deposit in the Fidelity Trust Company. The amount of the deposit is a debt of the bank. Financial Institutions, Inc., as a stockholder is indebted, however, not to the Fidelity Trust Company, but to its creditors. Viewed from a legal aspect, the mutuality of demand as to the quality of the right and the identity of the parties, essential to a right of set-off at law, is lacking. R. S., Chap. 96, Sec. 77; *Lawrence* v. *Trust Company*, supra. Here we find strict mutuality only as to the fund which the conservator represents and of which Financial Institutions, Inc., is both a debtor and a creditor.

The doctrine of the necessity of a mutuality of demands in set-off is not binding, however, in equity. Although as a usual rule equity will not allow a set-off of debts accruing in dissimilar capacities, it is well settled that a court of equity will take cognizance of cross claims between litigants, though wanting in mutuality, and set off one against the other whenever it becomes necessary to effect a clear equity or prevent irremediable injustice. *Rodick* v. *Pineo*, 120 Me., 160, 113 A., 45; *Crummett* v. *Littlefield*, 98 Me., 317, 56 A., 1053; *Merrill* v. *Cape Ann Granite Co.*, 161 Mass., 212, 217, 36 N. E., 797; *Rolling Mill Co.* v. *Ore & Steel Co.*, 152 U. S., 596, 615. The insolvency of the party against whom the set-off is claimed is well recognized as a sufficient ground for equitable interference. *Crummett* v. *Littlefield*, supra; *Rolling Mill Co.* v. *Ore & Steel Co.*, supra; *King et al* v. *Armstrong, Receiver*, supra; 24 R. C. L., 806.

In *King et al* v. *Armstrong, Receiver*, at page 235, the double liability of a stockholder of a bank was allowed to be set off against a liquidation dividend payable to him, and the Court said:

"Equity will enforce the set-off or compensation of cross demands, so far as they equal each other, when necessary to prevent one of the parties from losing his demand on account of the insolvency of the other. Upon the same principle, when a person entitled to share in the distribution of a trust fund is also indebted to the fund, and is insolvent, his indebtedness may, in equity, be set off against his distributive share."

In *McClelland* v. *Merchants' and Miners' Nat. Bank*, 77 Colo., 302, 236 P., 774, the rule of equitable set-off stated in *King et al* v. *Armstrong, Receiver*, was applied verbatim to the set-off of a stockholder's liability against the dividend due him on the insolvency of the bank.

In *Finkelstein* v. *Bank of United States*, 255 N. Y. S., 8, a case involving the liquidation of a state bank, on the authority of *King et al* v. *Armstrong, Receiver*, the superintendent of banks, acting as liquidating agent, was allowed to set off a stockholder's statutory liability against his liquidation dividend. The opinion concludes as follows:

"Justice and expediency require that the superintendent, who holds both the general assets of the bank and the sums collected upon the assessment as trustee for the benefit of creditors of the bank, be permitted to set off the amount of applicant's statutory liability as stockholder against his distributive share in the assets of the bank."

Among the numerous other cases allowing a set-off between a stockholder's statutory liability and his distributive share in the assets of the bank are *Reichert* v. *Farmers' and Workingmen's Savings Bank*, 257 Mich., 500, 242 N. W., 239; *Harper* v. *Carroll*, 56 Minn., 487, 69 N. W., 610, 1069; *Schimke* v. *Smith*, 51 S. D., 591, 215 N. W., 878. *In re Carolina Bank and Trust Company*, 197 N. C., 613, 150 S. E., 118; *Broderick* v. *Adamson*, 262 N. Y. S., 204. Such of these cases as are at law and do not depend upon the doctrine of equitable set-off are cited only as to their results. They illustrate the trend of decision regardless of the reasoning on which they are based. It may be properly added that these and all other authorities seem to concur in the view that it is the distributable share of the assets of the bank to which a stockholder is entitled as a depositor and not his entire deposit, which may be set off against his individual liability. Under this rule, the stockholder shares equally with other creditors of the bank and no preference is created.

A receiver of a corporation holds the property coming into his hands by the same right and title as the corporation, and is subject to all equities, including the right of set-off, which existed at the time of his appointment and could have been successfully invoked against the corporation. *Folsom* v. *Smith*, 113 Me., 83, 92 A., 1003; *Am. Bank* v. *Wall*, 56 Me., 167; 23 *R. C. L.*, 56 *et seq*; 53 C. J., 103, and cases cited. When the petitioner was appointed receiver of Financial Institutions, Inc., that corporation was not only indebted to the Fidelity Trust Company to the amount of its then accrued liability as a stockholder, but was insolvent, and the right of equitable set-off here invoked had attached to its distributive share of the bank's assets. Its receiver came into possession and holds the property of the corporation subject to this equity. If the maxim "Qui prior est tempore potior est jure" has force in this case, it militates against the petitioner, not for him.

The procedure adopted in this case is approved. The issue raised here being equitable, the cause is properly retained and determined in the pending suit in which the conservator has been appointed. *Porter* v. *Kingman*, 126 Mass., 141 ; *Columbian Book Company* v. *De Golyer*, 115 Mass., 67 ; *Whitehouse, Eq. Pr.*, Vol. 1, Sec. 490. If a different rule of practice prevailed, the conservator, by answering the petition, waived all objections to its form and the mode of proceeding. *Newman* v. *Moody*, 19 Fed., 858 ; *Whitehouse, Eq. Pr.*, supra, Sec. 209 ; and the parties, by submitting the case to the Law Court on an agreed statement of facts, waive all technical questions of procedure and pleading. *Hurd* v. *Chase*, 100 Me., 561, 62 A., 660 ; *Pillsbury* v. *Brown*, 82 Me., 450, 19 A., 858. Furthermore, it is only in equity that full and complete justice can be done. In the suit at law, which the Agreed Statement shows the Conservator has brought to enforce the payment of the statutory liability of Financial Institutions, Inc., the remedy of equitable set-off is not available. The Conservator can not be compelled to elect to proceed at law where his remedy is less full and complete, *Fleming* v. *Courtenay*, 95 Me., 135, 49 A., 614 ; nor where he is not plaintiff both in equity and at law. *Whitehouse, Eq. Pr.*, Vol. 1, Sec. 334.

For the reasons stated and upon the authorities cited, the sitting Justice was fully warranted in ordering the Conservator of the Fidelity Trust Company to retain the dividend declared upon the deposit of Financial Institutions, Inc. The amount of that dividend, as also of any further dividends which may be duly declared, should be credited *pro tanto* upon the statutory liability of that corporation as a stockholder. If the dividends do not exhaust the assessment, the balance remaining due thereon is a proper claim against the assets of the corporation in the hands of its receiver. If, by chance, the dividends in the aggregate amount to more than the assessment, which here seems impossible, the excess is payable to the Receiver of Financial Institutions, Inc., as the Court may direct. The entry is

*Petition denied.*