## Richard Jenness *versus* Mighill Parker.

In this State, it has not been authoritatively settled, that a total want of title in a grantor will not be a good defence to a note given in consideration of his conveyance, when not in the hands of an innocent indorsee.

To constitute a valid defence, in an action between the parties or wherein the same defence may be made, to a note given in consideration of land conveyed by deed with covenants of warranty, the defect of title must be entire; and so that nothing valuable passes by the conveyance.

If, in such case, any thing valuable does pass to the grantee short of an absolute interest, in conformity to the terms of the deed, it becomes a case of unliquidated damages, the remedy for which should be sought by an action of covenant broken.

ASSUMPSIT upon a note of hand made by the defendant, on the 29th day of November, 1834, for $288,88, payable to

John A. French, or order, in three years from date, with inter-est annually ; and by him indorsed to Thomas Jenness, and by him to the plaintiff; in each case without recourse. On April 8, 1836, an indorsement of $135,50, was made. It was in proof that the note was indorsed after it became due. Thomas Jenness testified, that the defendant promised to pay the note after it was indorsed to him, and before it was sued ; and after it was sued he offered to pay as much as it would cost him to defend the action. The defendant introduced proof that John A. French, the payee of the note, on November 17, 1834, made his deed of mortgage of a certain lot of land containing 121 acres, situated in Bangor, to secure the payment of four notes of hand, amounting in the whole to $1784,84, with interest, to Asa Davis, which was duly recorded the next day. He also introduced proof, that John A. French, on the 29th day of November, 1834, conveyed to him one undivided moiety of the land he had mortgaged to Asa Davis, with the usual covenants of warranty, for the consideration of $1155,55 ; and that the note in suit was given for a part of said consider-ation.

The defendant introduced proof tending to show, that the amount due on the mortgage of John A. French to Asa Davis, from the time it was given until its foreclosure, exceeded the value of the mortgaged premises. It was proved, that Asa Davis gave notice of his intention to foreclose said mortgage in the Bangor Courier, three weeks successively, and caused said notice to be recorded in the Registry of Deeds of this county on the 30th October, 1838.

The plaintiff proved, that John A. French and the defend-ant, on the 8th of April, 1836, conveyed to Philip H. Coombs a portion of the land so mortgaged, by deed with the usual covenants of warranty, for the consideration of $1142. Asa Davis, in answer to the inquiry of the plaintiff's counsel, stated that he contracted to sell the lot for $18 per acre, before he sold it to John A. French ; that he received $500, from the original contractor, who had taken that value of lumber from the land, and then by consent sold the land to French for

$1784,84; that about two years after the purchase, he was requested by the defendant to survey a quantity of wood, about 350 cords, cut from about 15 acres of the land, which was mostly soft wood; that he did not know that the defendant had any part of the wood; that he did not go with him; that he charged the survey to French; that the amount of the wood, hard and soft, upon the acre was thirty cords, on fifty acres of it; and that two fifths of it was hard wood.

If the Court, upon the whole of the facts, (all which are above stated,) are of opinion, that the action is maintained, the defendant is to be defaulted; otherwise the plaintiff shall become nonsuit.

*M. L. Appleton*, for the plaintiff, considered the law to be settled, that a partial failure of title to land conveyed by deed of warranty, constituted no defence to a note given for the consideration. *Homes* v. *Smyth*, 16 Maine R. 177; *Wentworth* v. *Goodwin*, 21 Maine R. 150.

Even a total failure of title has been decided in this State to furnish no defence to a note given for the consideration money. *Lloyd* v. *Jewell*, 1 Greenl. 352.

Here the purchaser acquired at least an equity of redemption, and a valuable one; and received the rents and profits for several years, for which he cannot be compelled to account to any one. In no case has it been decided, that a mere incumbrance upon land conveyed by deed of warranty, furnishes a defence, wholly or partially, to a note given for the consideration of the purchase.

*Abbott*, for the defendant.

This action was brought upon a note of hand, by the indorsee against the maker. The note was indorsed after it became due, and therefore the same defence may be made, that might have been, if the action had been brought in the name of the payee.

The defence offered is a *total failure of consideration*. The note was given for land purchased of John A. French, which, at the time of the conveyance was under a mortgage, made by

said French to Asa Davis, to an amount exceeding the whole value of the land; which mortgage has been foreclosed, without any fault on the part of the defendant.

The case finds, that the amount secured by the mortgage of French to Davis was near $1800, and that the consideration paid for a moiety of the land by the defendant, was about $1150. To remove the incumbrance the defendant would have been compelled to pay off the mortgage to Davis, a burden he was under no legal obligation to assume, and to take an assignment of the mortgage, which was not worth the amount due thereon, or look to the uncertain remedy against French upon his covenants. If the suit had been brought by French, the defendant might have brought a cross action upon the covenants and offset one judgment against the other. The leaning of the Courts, at present, is to avoid circuity of action and do justice directly between the parties. *M'Allister* v. *Reab*, 4 Wendell, 490.

There was an entire failure of consideration for the note, notwithstanding the covenants in the deed.

The conveyance of French to Davis was absolute in its terms, subject however to be defeated by the payment of the notes. The notes not being paid, the mortgage was foreclosed; and thus an entire failure of consideration occurred. That this is a good defence, hardly admits of question. *Knapp* v. *Lee*, 3 Pick. 452; Bayley on Bills, 340, and notes. The covenants in the deed make no difference. *Rice* v. *Goddard*, 14 Pick. 293; *Dickinson* v. *Hall*, *Ibid*. 217; *Trask* v. *Vinton*, 20 Pick, 110; *Frisbie* v. *Hofnagle*, 11 Johns. R. 50; 13 Johns. R. 54; *Tillotson* v. *Grapes*, 4 N. H. R. 448; *Chandler* v. *Marsh*, 3 Vermont R. 162; *Lawrence* v. *Stonington Bank*, 6 Conn. R. 521; 1 Sargent and Rawle, 447; 5 Binney, 232; 1 Bay, 278; *Ib*. 327; *Homes* v. *Smyth*, 16 Maine R. 177.

The only authority opposed to this position is that of *Lloyd* v. *Jewell*, 1 Greenl. 352. This was a case of partial failure of consideration, and, therefore, what was said by the Judge was not necessary in that case. But admitting it to be entitled to all the authority justly due to the Court, it is certainly con-

trary to the uniform current of authorities in a large number of the States, and has been overruled in more recent decisions. See *Rice* v. *Goddard*, *Dickinson* v. *Hall*, and *Trask* v. *Vinton*, above cited.

The conveyance of part of the land to Coombs, does not affect the case. The defendant is liable to him on his covenants to the full extent of the purchase money. And even, if the defendant had cut wood from the land, of which there is no sufficient evidence, he would be liable in trespass to Davis for its value. *Stowell* v. *Pike*, 2 Greenl. 387 ; *Knapp* v. *Lee*, before cited. But even if he had derived any benefit from the purchase, it does not appear to have exceeded the amount indorsed on the note. *Dyer* v. *Homer*, 22 Pick. 260 ; *Darnell* v. *Williams*, 2 Stark. 166 ; *Spaulding* v. *Vandercook*, 2 Wendell, 431.

The promise to pay the note, if it was without any new consideration, was void. *Warder* v. *Tucker*, 7 Mass. R. 449 ; *Garland* v. *Salem Bank*, 9 Mass. R. 408.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of assumpsit on a note of hand. The plaintiff is an indorsee. The defence is a total want of consideration ; and it is admitted that the note was indorsed after it became due, so that the defendant is entitled to defend as if the note were still in the hands of the payee. The note appears to have been given to one French, for one fourth part of the consideration for the conveyance of an undivided moiety of a tract of land in Bangor. The conveyance was by deed of general warranty, in common form, bearing date Nov. 29, 1834. The whole consideration agreed to be paid therefor was $1155,55. On the seventeenth of the same November French mortgaged the whole tract to one Davis, to secure the payment to him of $1784,84.

At the trial the defendant offered evidence tending to prove, that the land so mortgaged was not at the time, and had not been since, equal in value to the sum for which it was mortgaged, and therefore, that there was no consideration for the deed

made to him; and further, that the said Davis, on the thir-
tieth of October, 1838, had given notice of his claim to a
foreclosure of his mortgage, as provided in the Revised Stat-
ute, ch. 125, § 5. It did not appear that any actual entry by
Davis had ever been made upon, or that the defendant had
ever been dispossessed of, the premises conveyed to him.

It appeared that, about two years after the defendant pur-
chased, he called upon a surveyor to measure three hundred
and fifty cords of wood, cut on fifteen acres of said tract; and
that French paid the surveyor for his services; and that in
1836, French and the defendant joined in a conveyance by
deed of warranty, of a portion of said tract, to one Coombs, for
the consideration of $1142; and that there was, on fifty acres
of the mortgaged premises, thirty cords of wood, principally
hard wood, to the acre. It was also proved, that French had,
under the act of the United States, passed in 1841, ch. 9, be-
come a certified bankrupt.

Upon these facts, proved and offered to be proved, it was
agreed, that judgment should be entered upon nonsuit or de-
fault, as the Court upon consideration should direct.

It seems now to be well settled in Massachusetts, New York
and New Hampshire, and indeed generally, notwithstanding
covenants of general warranty may be contained in deeds of
conveyance, yet, if the grantor had no title to the land con-
veyed, that this may be given in evidence, in suits between the
original parties, in defence to notes of hand given for the con-
sideration thereof; and so also against indorsees of such notes,
when affected with notice, at the time of indorsement, of such
defect of title.

In this State, in *Lloyd* v. *Jewell*, the late Chief Justice Mel-
len, in delivering the opinion of the Court, was led to suppose,
from certain dicta to be found in some of the earlier volumes
of the Massachusetts Reports, that the law had been settled
otherwise in that State. That cause, however, is not to be re-
garded as having been actually decided upon that ground, as
there was in that case evidence of a failure of title in the
grantor to but a small portion of the land conveyed. In such

case it is fully settled in England, and generally in this country, that the grantee must be remitted, for his remedy, solely to the covenants in his conveyance. It has not, therefore, been directly and authoritatively settled in this State, that a total want of title in a grantor will not be a good defence to a note given in consideration of his conveyance, when not in the hands of an innocent indorsee.

In the case of *Wentworth* v. *Goodwin*, 21 Maine R. 150, the defence set up to a note of hand, was a total failure of consideration ; and it seems to have been tacitly admitted, that an entire want of title in a grantor would authorize such a defence to a note given for the consideration. That case, nevertheless, was decided on other grounds. It did not appear that the want of consideration was total ; and therefore it was considered, that the defence set up was not sustained.

That case, in many of its features, was analogous to the one before us ; and in principle would scarcely seem distinguishable from it. Certain real estate had been attached by a creditor of the owner, who, afterwards, conveyed it by deed of warranty, and took the note therein in suit for the amount of the consideration. When the creditor obtained his judgment he took out his execution, and levied upon the whole of the land conveyed.

One reason assigned, in delivering the opinion in that case, why the failure was not total, was, that it did not appear, that the defendant had not been in the enjoyment of the rents and profits, for which he would not be answerable to any one else. So in the case at bar, it does not appear, that the defendant has not been in the actual receipt of the rents and profits from the time he took his deed, in 1834, to the time of the institution of this suit. And there is reason to presume from the evidence, that he had availed himself of the rents and profits thereof; and for which he is not accountable to any one, the mortgagee, until after actual entry, not being entitled thereto.

Again, in the case cited it is said, that it does not appear that the land was set off for its full value, and that the presumption is not that it was so, as the law secures to the debtor

a right of redemption, which is subject to attachment and sale. Whether the presumption in the case at bar is one way or the other, as to the value of the mortgaged premises in comparison with the amount for which they were mortgaged, it is unnecessary to inquire, for in this case it must necessarily be inferred, that the defendant deliberately admitted, that the right of redemption was of considerable value. How else could he, in twelve days after the mortgage was made of the whole tract, to secure but $1784,84, agree to give for a moiety only of the same premises $1155,55, thereby showing in his estimation that the whole was worth $2311,10 ? He offers, however, to prove that this estimate was incorrect. But we are not quite prepared, in the absence of all pretence of fraud, to come to the conclusion, that, for the purpose of avoiding the note of hand in suit, it is competent for him to controvert his admission so made.

To constitute a valid defence, in a case like the present, we understand, that the defect of title must be entire ; and so that nothing valuable passes by the deed of conveyance. If any thing valuable does pass to the grantee short of an absolute interest, in conformity to the terms of the deed, it becomes a case of unliquidated damages, the remedy for which should be sought by an action of covenant broken. The defendant's grantor, French, at the time of the conveyance, was the owner in fee of the mortgaged premises, against all persons, the mortgagee excepted ; and, as to him, he was the owner of a right of redemption. This right of French, by his deed, passed to the defendant. Some estate therefore passed by the deed.

It is contended that the bankruptcy of French should be admitted to vary the case, in conformity to the principles laid down in the case of *Knapp, adm'r*, v. *Lee*, 3 Pick. 452. But the cases are dissimilar. It is apparent that the defendant here must have had full knowledge of the incumbrance, the deed creating it having been put on record the day after its date, and an advertisement of a claim to a foreclosure having been published in 1838. Until French became a bankrupt,

which could not have been before some time in 1842, for aught that appears, he was solvent. During all the time, from 1834 to 1842, it would seem, that he and the defendant were in the joint occupation of the mortgaged premises, with the exception of what they had conjointly sold to Coombs; and no effort, during that time, was made by the defendant to have the incumbrance removed. He might have redeemed the mortgaged premises, and have held the whole till reimbursed; and at the same time have maintained an action against French for reimbursement; but he resorted to no measure of the kind, and suffered the three years to elapse after the advertisement of the claim to a foreclosure, whereby the title, both in himself and French, became extinct; and enforced no claim against French upon his covenants until barred by a certificate of bankruptcy, nearly eight years after his cause of action accrued. To allow of this branch of the defence, under such circumstances, would be admitting him to take advantage of no inconsiderable degree of negligence on his part, which we think would not be consistent with the rules of law, or the justice of the case.

*Defendant defaulted.*