LORENZO D. GETCHELL *vs.* HARRY A. KIRKBY.

Somerset.  Opinion February 20, 1915.

*Assumpsit.  Contract.  Deed.  Fraud.  Misrepresentation.  Notice of Rescission.  Possession.  Rescission.  Restoration.  Sale.*

1. The right to rescission is limited to cases where the seller can be put substantially in the position he occupied before the contract.  If one would rescind, he must restore.

2. Notice that possession will be delivered within the next ten days is not sufficient; it should be done within a reasonable time.

3. If a party would rescind a contract on the ground of fraud, the rule is that he must restore, that it should be done within a reasonable time.

4. What is a reasonable time is a mixed question of law and fact.  When the facts are ascertained, it becomes a question of law.

5. A contract obtained through fraudulent representations may be rescinded, or affirmed, at the election of the party defrauded, and this principle applies to contracts under seal, as well as to other classes of contracts.  Deeds procured by covin or fraud, as between the parties, are as dead as forged deeds.

6. The law does not allow a partial rescission whereby the party claiming the right to rescind can retain the beneficial part of a contract and refuse performance on his part.

7. The vendee may avail himself of a partial failure of consideration to reduce damages and is not obliged to resort to a separate action for deceit, or upon a warranty.

8. That the power to cancel an executed contract ought never to be exercised, except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear; never for alleged false representations, unless their falsity is certainly proved and unless the complainant has been deceived and injured by them.

On motion and exceptions by the plaintiff. Exceptions not considered. Motion sustained. Verdict set aside. New trial granted.

This is an action of assumpsit, to recover for interest and the first instalment on a note for $2700, given by defendant to plaintiff as part consideration for plaintiff's farm, sold and conveyed to defendant, and payable in instalments. The defense was fraud and false representations by plaintiff in the sale of said farm. Plea, general issue. The jury returned a verdict for the defendant, and plaintiff filed a general motion for a new trial and had exceptions to certain rulings of the presiding Justice.

The case is stated in the opinion.

*Merrill & Merrill,* for plaintiff.

*Butler & Butler,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. This is an action of assumpsit for interest and the first instalment on a note for $2700 payable $100 per annum, with interest payable annually. The verdict was for the defendant, and the case is here on motion and exceptions by the plaintiff.

The plaintiff sold a farm to the defendant on May 1, 1913, receiving therefor $400 in cash and the above note, and also an agreement to secure him on a part of the crops to insure the first two payments. Before the sale was made, the plaintiff told the defendant that the farm had yielded 38 tons of hay the previous year, and that the income from all sources was $1,000, and offered to show his books to the defendant.

The plea was the general issue, under which the defendant resisted payment upon the ground that the contract had been rescinded. Rescission was based upon two grounds: 1. That the plaintiff had represented that the farm had produced 38 tons of hay in 1912, and (2) that he had received $1,000 for his products the same year, and defendant claims that these statements on which he relied were untrue, and that he was deceived thereby.

The plaintiff produced the note and rested his case. The defense assumed the burden of showing the fraud alleged. There was substantial agreement as to the language used by the plaintiff in the sale of the farm. The only questions involved were the truth of the statements as to the amount of hay cut in the previous year, and the gross income from the farm as stated by the plaintiff. The plaintiff's positive testimony was supported by a neighbor who assisted in cutting the hay, while the defendant's evidence was circumstantial, and largely involved testimony from neighboring farmers as to the general hay crop for 1913, as compared with that of 1912, the trend of which was that in the locality the hay crop fell off from one-third to one-half from that of 1912. The case thus presented to the jury a condition from which a verdict must be reached largely, if not wholly, from inference.

The plaintiff introduced the following notice:

"Skowhegan, Maine, April 11, 1914.

To LORENZO D. GETCHELL,
          Skowhegan, Maine.

You are hereby notified that I hereby revoke the trade whereby I purchased of you your homestead farm in Skowhegan and Fairfield on the Back Road, so called, leading from Skowhegan Village to Waterville and conveyed to me by your deed dated December 7, 1912, and tender to you herewith deed of said farm with the personal property which you conveyed to me and will deliver up possession of the same as soon as I can move therefrom, *which will be within the next ten days.*

I hereby demand from you the return to me of the sum of Four hundred dollars ($400.00) which I have paid you on account of the purchase price of said farm, together with the notes given by me to you for the balance of said purchase price with the mortgage securing said notes, properly discharged.

I rescind said trade and demand of you the return of said money, notes and mortgage because of the false and fraudulent representations which you made to me concerning the quantity of hay which you cut on said farm and the amount of money which you made on said farm the previous year and the deceit which you practiced in making the sale of said farm to me.

HARRY A. KIRKBY."

The right to rescission is limited to cases where the seller can be put substantially in the position he occupied before the contract. If one would rescind he must restore. *Pratt* v. *Philbrook,* 33 Maine, 17; *Randall* v. *Webber,* 64 Maine, 191; *Milliken* v. *Skillings,* 89 Maine, 180. Notice that possession will be delivered within the next ten days is not sufficient. If a party would rescind a contract on the ground of fraud, the rule is that he must restore; that it should be done within a reasonable time. What is a reasonable time is a mixed question of law and fact. When the facts are ascertained it becomes a question of law. *Wingate* v. *King,* 23 Maine, 35; *Herrin* v. *Libbey,* 36 Maine, 350; *Cutler* v. *Gilbreth,* 53 Maine, 176; *Hotchkiss* v. *Coal and Iron Co.,* 108 Maine, 34.

A contract obtained through false and fraudulent representations may be rescinded or affirmed at the election of the party defrauded, and this principle applies to contracts under seal, as well as to other classes of contracts. Deeds procured by covin or fraud as between the parties, are as dead as forged deeds. *Jackson* v. *Somerville,* Pa. Sup. Ct., 1850, 13 Law Reporter, 422; *Herrin* v. *Libbey,* 36 Maine, 353. The vendee in such case may abandon the possession without notice. *Taylor* v. *Porter,* 25 Am. Dec. 155; but rescission does not follow unless the vendee does abandon possession to the vendor. *Duncan* v. *Jeter,* 39 Am. Dec. 342; *Meeklin* v. *Blake,* 99 Am. Dec. 68. The law does not allow a partial rescission whereby the party claiming the right to rescind can retain the beneficial part of a contract and refuse performance on his part. *Morrow* v. *Moore,* 98 Maine, 373. But the vendee may avail himself of a partial failure of consideration to reduce damages, as in this case, and is not obliged to resort to a separate action for deceit or upon a warranty. *Dorr* v. *Fisher,* 1 Cush., 271, and cases cited. Here the defendant did not rely wholly upon want of consideration. His main defense was fraud, and to render that defense available, it was indispensable that he should surrender the property, if he wished to make rescission. He must put the defendant in as good position as he was before; otherwise the rescission is not complete. The purchaser cannot derive any benefit from the purchase and yet rescind the contract. It must be nullified in toto or not at all. *Harrington* v. *Stratton,* 22 Pick., 510, and cases cited; *Dorr* v. *Fisher,* supra; *Pearson* v. *Carney,* 64 Maine, 191.

The rule stated in *Union R. R. Co.* v. *Dull,* 124 U. S., 174, applies with equal force in cases of this character. There the court held, "that the power to cancel an executed contract ought never to be exercised except in a clear case, and never for an alleged fraud unless the fraud be made clearly to appear; never for alleged false representations, unless their falsity is certainly proved, and unless the complainant has been deceived and injured by them." The evidence in this case does not support a finding of fraud, or establish facts from which fraud may be inferred,—*Kimball* v. *Dresser,* 98 Maine, 517; and it is evident from the record that the jury considered but one question, that of the alleged rescission. As has been seen, such rescission was not complete. It is unnecessary to consider the exceptions.

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*