MICHAEL W. HOLLAND ET AL. *v.*
REIKO CRICKARD ET AL.
(2907)

HULL, BORDEN and DALY, Js.

Argued December 12, 1984—decision released March 12, 1985

*William C. Franklin,* for the appellants (plaintiffs).

*Alan A. Rosa,* for the appellees (defendants).

PER CURIAM. This is an appeal[1] from a judgment excusing the defendants' obligation to the plaintiffs on a note secured by a second mortgage. The case stems from a conveyance by warranty deed of a hotel and its grounds in Maine. The issue on appeal revolves around a Maine statute, Me. Rev. Stat. Ann., tit. 14, § 151,[2] which the Maine courts themselves have not construed. It would be of no practical use to describe the facts of the case more fully, or to explicate this Maine statute without guidance from the Maine courts. Suffice it to say that we find error because the trial court impermissibly shifted the burden of proving the affirmative defense embodied in § 151 from the defendants to the plaintiffs. See Me. R. Civ. P., rule 8.

The basis of the court's decision was that a defect found in the title to the property[3] rendered the title unmarketable; 8A Thompson, Real Property (1963 & Sup. 1981) § 4484; 77 Am. Jur. 2d, Vendor and Purchaser § 131; 92 C.J.S., Vendor and Purchaser §§ 191, 195; and breached the covenant in the deed warranting a good and marketable title. 8A Thompson, Real Property § 4487; 92 C.J.S., Vendor and Purchaser § 575. This breach of warranty constituted a failure of consideration. 11 Am. Jur. 2d, Bills and Notes § 248; see *Judkins* v. *Chase,* 121 Me. 230, 232, 116 A.2d 582 (1922).

The court, however, impermissibly shifted the burden of proving whether this was a partial or total failure of consideration from the defendants to the plaintiffs, once it determined there was a failure of con-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[2] The parties do not dispute that Maine law governs this case.

[3] The parties do not dispute the existence of a title defect under Maine law.

sideration. Me. Rev. Stat. Ann., tit. 14, § 151; Me. R. Civ. P., rule 8; see *Getchell* v. *Kirkby,* 113 Me. 91, 92 A. 1007 (1915). Our review of the evidence indicates that there was not a total failure of consideration, which occurs when "nothing valuable passes by the . . . conveyance." *Jenness* v. *Parker,* 24 Me. 289, 296 (1844). Rather, the undisputed facts show something of value was conveyed: The hotel was used to accommodate a convention for a month; the defendants lived on the property for a period of time; and the property was the subject of an $80,000 purchase money mortgage which was prior in right to the plaintiffs' mortgage.

The burden rested on the defendants to prove the reduction in value or damages sustained due to the defect. Me. Rev. Stat. Ann., tit. 14, § 151; Me. R. Civ. P., rule 8; see *Getchell* v. *Kirkby,* supra; 8A Thompson, Real Property § 4487; 92 C.J.S., Vendor and Purchaser §§ 264, 575. Such a showing could offset what was owed on the note but, without a showing that the depreciation or damages equaled the total amount of the note, the defendants could not properly be excused from their liability on the note.[4] A new trial is required to determine the amount of depreciation or damages sustained by the defendants due to the defect in the title and to ascertain the extent of their liability. *Getchell* v. *Kirkby,* supra; see 8A Thompson, Real Property § 4487; 11 Am. Jur. 2d, Bills and Notes § 658; 92 C.J.S., Vendor and Purchaser § 575; see also *Hathorn* v. *Wheelwright,* 99 Me. 351, 59 A. 517 (1904); *Crummett* v. *Littlefield,* 98 Me. 317, 56 A. 1053 (1903).

There is error, the judgment is set aside and a new trial is ordered.

---

[4] We cannot imply, in the absence of any evidence, that because the court found for the defendants, it found the depreciation in value due to the defect to be exactly the amount owed on the note.