[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#120) AS TO COUNTS II III OF REVISED COMPLAINT OF JUNE 30, 1992 CT Page 4076
By a complaint dated April 7, 1992, the plaintiff, Michael Just, as the Administrator of the Estate of John Just, Jr., has brought this action against the defendants, Paul Aparo, Scott Bowden, Port Niantic, Inc., and Proline Marine, Inc. This action arises from the drowning of Just on or about October 8, 1991, in a boating accident off the coast of Niantic, Connecticut. The plaintiff filed a revised nine count complaint dated June 30, 1992.
The plaintiff alleges that on or about October 8, 1991, the vessel "Palinda II" ("the vessel"), owned and operated by Aparo, was docked at the Port Niantic Marina in Niantic, Connecticut. The plaintiff claims that the vessel was under the control and direction of Aparo; The plaintiff alleges that the decedent, along with Aparo, departed Port Niantic Marina bound for Millstone Point, off the coast of Niantic, Connecticut.
The plaintiff claims that on or about October 8, 1991, off the coast of Niantic, the vessel sank, causing the passengers to be cast into the waters of Long Island Sound. The plaintiff alleges that on that same date the decedent suffered great physical pain and mental anguish because of exposure to the high seas, wind and water. The plaintiff claims that the decedent's suffering was exacerbated due to the threatening nature of the situation. The plaintiff claims that as a result of the accident, the decedent drowned or was so severely injured that he died at the time of the accident or shortly thereafter.
In count one, the plaintiff alleges that the sinking of the vessel and the pain, suffering and the death of the decedent was the direct and proximate result of the negligence of Aparo. The plaintiff alleges that Aparo was negligent in taking the vessel off the coast of Niantic without exercising the degree of care required under the circumstances. The plaintiff alleges that Aparo was negligent in failing to use reasonable care to protect his passengers and by failing to properly equip the vessel to withstand the weather conditions. The plaintiff also alleges that the defendant was negligent by failing to equip the vessel with a life raft or proper survival equipment.
In count two, the plaintiff asserts an action for wrongful CT Page 4077 death, alleging that the decedent's death was caused by the willful and wanton carelessness of Aparo.
In count three, the plaintiff asserts an action based on the doctrine of res ipsa loquitur. The plaintiff alleges that the death of the decedent could not have resulted unless Aparo was careless in his inspection and use of the vessel. The plaintiff alleges that at all times pertinent to this action, the operation and maintenance of the vessel was within the exclusive control of Aparo. The plaintiff alleges that the death of the decedent occurred irrespective of any voluntary action of the decedent.
Count four is a products liability action against the defendant Proline Marine, Inc. Count five is a products liability action against Palmers Cove Marina. Counts six and seven are actions for breach of contract and negligence against Port Niantic, Inc. Counts eight and nine are actions in negligence and wrongful death against Scott Bowden.
On July 29, 1992, the defendant Aparo filed a motion to strike counts two and three of the plaintiff's revised complaint. The motion was accompanied by a memorandum of law pursuant to Practice Book 155. The plaintiff filed a memorandum of law in opposition dated August 24, 1992.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987).
Count Two: Wilful and Wanton Misconduct; Wrongful Death
The defendant Aparo argues that count two should be stricken because the plaintiff has failed to allege a cause of action for wilful and wanton misconduct. The defendant argues that the plaintiff's cause of action is defective because the plaintiff has merely repeated the allegations made in count one, an action for negligence, and appended the words "wilful" and "wanton" in an attempt to transform it into a new cause of action. CT Page 4078
The plaintiff argues that the characteristic element of an action for wilful and wanton misconduct is the design to injure, either actually entertained or implied from the conduct and circumstances. The plaintiff argues that his allegation that the defendant Aparo embarked on a fishing venture in October without life saving devices is sufficient to give rise to a cause of action for wilful and wanton misconduct.
 "Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Pierce, 138 Mass. 165, 175 [1884] . . . It is `more than negligence, more than gross negligence." Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136 [1929]. The State of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Mooney v. Wabrek, 129 Conn. 302, 308, 27 A.2d 631 (1942). "Wanton misconduct is reckless misconduct. Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698 (1928). "It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.' Bordonaro v. Senk, [supra, 431]." Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985); see also Brown v. Branford, 12 Conn. App. 106, 108, 529 A.2d 743
(1987). Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. Markey v. Santangelo, supra, 77. "`[Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances.' Sharkey v. Skilton, 83, Conn. 503, 507-508, 77 A. 950 (1910)." Id., 78. Not only the action producing the injury bu. the resulting injury also must be intentional. Id., 77.
Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown, supra, 110. Some additional factual allegations are necessary to alter the nature of conduct complained of from an CT Page 4079 action for negligence to an action for wilful and wanton conduct. Id. "`It is well established that causes of action for negligence and "wilful and malicious conduct" are separate and distinct causes of action. . .'" Drisdelle v. Hartford, 3 Conn. App. 343,346, 488 A.2d 830 (1985); citing Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 137, 479 A.2d 231
(1984).
In count two of his amended complaint, the plaintiff alleges that the defendant engaged in wilful and wanton misconduct, in part, in the following respects:
 a. Paul Aparo was negligent in taking the "Palinda II" off Millstone Point, failing to exercise the degree of care required under the circumstances;
 b. Paul Aparo failed to use reasonable care to protect his passengers;
 c. Paul Aparo failed to properly equip the "Palinda II" to stand the seas and weather the conditions at the time of the accident;
 d. Paul Aparo failed to properly equip the "Palinda II" with a life raft or proper survival equipment.
These allegations were adopted directly from the negligence claim in count one. The only additional allegations made in count two are found in paragraph sixteen. Paragraph sixteen states; "[b]y reason of the pain and suffering due to exposure and mental anguish in contemplation of pending death, the plaintiff's decedent, John Just, Jr., experienced conscious pain and suffering up until the time of his death that was proximately caused by the willful and/or wanton carelessness negligent [sic] of the defendant."
The plaintiff's allegations in count two are insufficient to give rise to a cause of action for wilful and wanton misconduct. The plaintiff has merely repeated the allegations of negligence found in count one and added the words "willful and/or wanton carelessness" in an attempt to transform the nature of the claim. The plaintiff has failed to allege sufficient factual allegations in count two in order to state a cause of action for wilful and wanton misconduct. Based on the foregoing, the defendant Aparo's motion to strike count two is granted. CT Page 4080
Count III: Res Ipsa Loquitur
The defendant argues that count three of the plaintiff's complaint should be stricken because there is no independent cause of action based on the doctrine of res ipsa loquitur. In the alternative, the defendant argues that the doctrine of res ipsa loquitur is not available where accidents are caused by events outside the control of the party charged with the neglect. The defendant argues that the plaintiff has alleged that several other factors caused the boating accident which resulted in the drowning of the decedent. Therefore, the defendant argues that the doctrine of res ipsa loquitur does not apply.
The plaintiff argues that he has alleged all the necessary elements of res ipsa loquitur. The plaintiff argues it is clear from his allegations that the plaintiff would not have drowned if there had been a careful inspection of the vessel by the defendant. The plaintiff argues that the inspection and operation of the vessel was in the control of the defendant, and that the plaintiff's demise occurred irrespective of any voluntary action of the plaintiff. Therefore, the plaintiff argues that he has a cause of action based on the doctrine of res ipsa loquitur.
The three elements necessary for a case to be submitted to a jury on the theory of res ipsa loquitur are: "`(1) The situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result from a careless construction, inspection or user. (2) Both inspection and user must have been at the time of the injury in the control of the party charged with neglect. (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured.'" Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439, 443,538 A.2d 690 (1988); quoting Schurgast v. Schumann, 156 Conn. 471, 479-481,242 A.2d 695 (1968).
 The doctrine of res ipsa loquitur, literally `the thing speaks for itself,' permits a jury to infer negligence when no direct evidence of negligence has been introduce. . . . `the doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. CT Page 4081 It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred.' Schurgast v. Schumann, 156 Conn. 471, 479, 242 A.2d 695 (1968).
Id., 441-42.
The doctrine of res ipsa loquitur "is a rule of circumstantial evidence that allows an inference negligence if the accident is a type that ordinarily does not occur in the absence of a defendant's negligence." Giles v. New Haven, 30 Conn. App. 148,151, 619 A.2d 476 (1993).
Count three of the plaintiff's complaint is stricken on the ground that it fails to state a cause of act on. In count three the plaintiff has repeated his cause of action for negligence from count one and added allegations associated with the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur is a rule of circumstantial evidence that is designed to allow the inference of negligence and is not an independent cause action. While this case may be a proper one to apply the doctrine of res ipsa loquitur, it is not proper to plead it as a separate cause of action. The plaintiff, having already alleged a cause of action for negligence in count one, cannot allege the same action again in count three by merely claiming it is a separate action based on the doctrine of res ipsa loquitur. Therefore, defendant Aparo's motion to strike count three is granted.
It is so ordered.
HIGGINS, J.