SCHIMKE, Respondent, v. SMITH, Superintendent of Banks, Appellant.

## (211 N. W. 461.)

(File No. 6204.   Opinion filed December 31, 1926.)

1. **Banks and Banking—Trusts—Preference—Owner of Mortgage Note Running to Bank, Having Instructed Bank to Forward Money Collected on Same, Had Preferred Claim for Money Collected.**

    Where plaintiff owned mortgage and note running to bank, which had been prepared by cashier for plaintiff, and plaintiff left them with bank, with instructions to forward all money collected thereon, she had preferred claim against insolvent bank for amount collected.

2. **Appeal and Error—Erroneous Direction in Judgment Is Not Reviewable Without Assignment of Error.**

    Where there was no assignment of error, on which question whether judgment directing payment of preferred claim out of funds other than actual cash in insolvent bank at time superintendent took charge was erroneous could be predicated, question could not be considered on appeal.

Note.—See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 166(1), 7 C. J. Sec. 301; (2) Appeal and error, Key-No. 719(8), 3 C. J. Sec. 1476.

Appeal from Circuit Court, Hutchinson County; HON. R. B. TRIPP, Judge.

Action by Karolina Schimke against F. R. Smith, as Superintendent of Banks of the State of South Dakota, in charge of the American State Bank of Parkston, S. D., for the purpose of liquidation. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Hitchcock & Sickel,* of Mitchell, and *Roy E. Willy,* of Platte, for Appellant.

*Orvis & French,* of Yankton, and *Wm· H. Glynn,* of Parkston, for respondent.

GATES, P. J.   In this case judgment was entered giving respondent a preferred claim against the cash assets of the failed bank, the American State Bank of Parkston. Defendant appeals from the judgment and order denying new trial.

Respondent sold a tract of land to one Thuringer on contract which provided for two payments of $1,500 each, and thereafter the execution of a deed and a mortgage for $7,000. The two

cash payment were paid to said bank and deposited to respondent's credit. The notes and mortgage were prepared by John Schmierer, Jr., cashier of the bank, and ran to the bank, instead of to respondent; but it is conceded that respondent owned the notes and mortgage. As interest payments were made, time certificates of deposit in the bank were sent to respondent. When the principal sum of $7,000 was paid to the bank, the amount was neither placed to the credit of respondent nor in any manner remitted to her.

It is urged by appellant that the relation of debtor and creditor arose between the bank and respondent, and therefore that respondent was only entitled to share in the assets of the bank as a common or general claimant. Respondent urges that under the facts found the relation of principal and agent or of bailor and bailee, arose between respondent and the bank, and therefore that respondent is entitled to a preferred claim. The trial court found:

"That a considerable period of time preceding the payment by said Thuringer of any part of the principal of the note secured by said mortgage, plaintiff became a resident of the state of Idaho and lived in said state; that before going to Idaho she requested the officers of said bank to send to her at her place of residence in Idaho all money that might be thereafter paid on said note and mortgage."

[1, 2] There are no assignments of error which challenge the sufficiency of the evidence to sustain this finding, and we must therefore hold with the trial court in establishing respondent's claim as a preferred claim. The trial court also found that the failed bank, at the time it was closed, had in cash in the bank the sum of about $6,000, and also had in cash in the hands of solvent correspondent banks the sum of about $17,000. The judgment directed the superintendent to pay the same out of the cash assets of the bank in preference to any of the general claims against the bank. It is urged on appeal that the judgment was erroneous, in so far as it directed payment out of funds other than the actual cash in bank at the time the superintendent took charge. There is no assignment of error upon which this point can be predicated; therefore that question is not passed upon.

The judgment and order appealed from are affirmed.