SCHIMKE, Respondent, v. SMITH, State Superintendent of Banks, Appellant.

(215 N. W. 878.)

(File No. 6557.   Opinion filed November 14, 1927.)

1. **Judgment—Judgment on Findings on Issues Raised in Action to Establish Preferred Claim Against Insolvent Bank Held Res Judicata on Mandamus to Require Payment of Judgment Rendered.**

    Judgment on findings on issues raised in action to establish preferred claim against insolvent bank, that bank had $6,000 cash on hand, and that its cash assets in hands of correspondent banks should be applied to payment of claim, held res judicata in subsequent proceeding by mandamus to require payment of judgment rendered in such action.

2. **Banks and Banking—On Mandamus to Require Payment of Judgment Establishing Preferred Claim Against Insolvent Bank, Superintendent of Banks Held Entitled to Deduct Stockholder's Liability of Claimant.**

    In proceeding by mandamus against superintendent of banks to require him to pay judgment establishing preferred claim against insolvent bank, superintendent held entitled to deduct amount due from claimant on stockholder's liability, although

ordinarily unadjudicated claim against judgment creditor cannot be set up in resistance to enforcement of judgment.

**3. Mandamus—Sustaining Demurrer to Answer Setting Up Partial Defense Held Error.**

It was error for trial court to sustain demurrer to answer in proceedings for mandamus, where answer set up a partial defense.

Note.—See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 719, 34 C. J. Sec. 1329; (2) Banks and banking, Key-No. 80(10), 7 C. J. Sec. 537 (Anno.); (3) Mandamus, Key-No. 165, 38 C. J. Sec. 631.

For procedure and forms in mandamus, see Bancroft's Code Practice and Remedies, Vol. 5, pg. 4976.

Appeal from Circuit Court, Hutchinson County.

Mandamus by Karolina Schimke against F. R. Smith, as Superintendent of Banks of South Dakota, in charge of the American State Bank of Parkston, S. D., for the purpose of liquidation. From an order sustaining a demurrer to the return, defendant appeals. Trial court directed to modify order.

*Roy E. Willy,* of Platte, for Appellant.

*Wm. H. Glynn,* of Parkston, and *Orvis & French,* of Yankton, for Respondent.

MORIARTY, C. This is an appeal from an order sustaining a demurrer. The facts involved are as follows: The American State Bank of Parkston became insolvent, and, in April, 1924, was taken in charge by the superintendent of banks. After the bank went into the hands of the superintendent, Karolina Schimke, the respondent herein, presented a claim for $7,000, which she alleged should be allowed as a preferred claim against the assets of the insolvent bank. The superintendent rejected said claim, and notified the claimant of the rejection. Thereafter Karolina Schimke sued the superintendent to establish her claim as a claim entitled to preference against the assets of the insolvent bank. In her complaint in that action she set forth the facts which she alleged as making her claim a preferred claim and her complaint contains the allegation:

"That said American State Bank at the time it suspended payment, and at all times prior thereto, had sufficient cash assets to fully pay plaintiff's said claim and all other preferred claims, if any, against said bank."

And she prayed judgment directing the superintendent of banks to allow said claim as a preferred claim against the American State Bank of Parkston, and that he pay said claim in full out of the assets of said bank.

In that action the trial court found that the claim sued upon was a preferred claim, and it further found that, at the time the said bank closed, it had in cash in the bank the sum of about $6,000, and also had in cash in the hands of solvent correspondent banks the sum of $17,000.

From these findings the trial court concluded that the plaintiff was entitled to judgment declaring her claim to be a preferred claim against the assets of the insolvent bank in the sum of $7,000 and interest, and directing the superintendent of banks to pay said claim in full out of the cash assets of said bank.

Judgment was entered in accordance with these conclusions, and from such judgment the superintendent of banks appealed. The opinion of this court on that appeal will be found in 211 N. W. 461. In that decision this court affirmed the judgment of the trial court, and specifically pointed out that appellant's brief contained no assignments of error challenging the sufficiency of the evidence to sustain the findings as to the facts making the claim a preferred claim, or as to there being $6,000 cash in the bank at the time it closed, and $17,000 in the hands of solvent correspondent banks. And the decision further calls attention to the facts that, while it is urged upon the appeal that the judgment was erroneous in so far as it directed payment out of funds other than the actual cash in the bank when the superintendent took charge, there was no assignment of error upon which that contention could be predicated.

The superintendent of banks refused to pay the judgment when a demand was made upon him after the judgment was affirmed by this court. Upon such refusal the judgment creditor Karolina Schimke, applied to the circuit court of Hutchinson county for a writ of mandamus directing the superintendent of banks to pay the judgment. A temporary writ was issued, and the defendant in his return to the writ set up the following allegations as reason why the temporary writ should be quashed and the peremptory writ denied, taking the allegations in the order in which they appear in the return:

(1) That a certified copy of the judgment was received on the 8th day of February, 1927, but that to date no order has been made by the circuit court for the payment of a dividend.

(2) That at the time of the suspension of this bank there was cash on hand in the sum of only $3,535.74, which is the only fund available for the payment of preferred claims.

(3) That another claim in the sum of $4,000 had been allowed as a preferred claim of equal rank with that of this claimant, and that the $3,535.74 actual cash on hand at the date of suspension is insufficient to pay such preferred claims in full.

(4) That the judgment creditor, Karolina Schimke, was the owner and holder of $2,000 of the capital stock of the bank at the time of its suspension, and that there is now due from her on her stockholder's liability thereon the sum of $1,421.90, and that it is error for the court to order the payment of the amount of the judgment without deducting therefrom the amount due from the judgment creditor on her said stockholder's liability.

To this return or answer of the judgment debtor the applicant for the writ interposed a demurrer on the ground that said answer or return does not state facts sufficient to constitute a defense to the writ. This demurrer was sustained by the circuit court, and from the order sustaining the demurrer this appeal is taken.

[1] From the foregoing statement of facts it is apparent that the question whether there was a sufficiency of cash assets in the bank to pay this claim was put in issue by the allegation of the complaint above quoted. Upon that point, properly at issue, the trial court found that the sum of about $6,000 was on hand in cash at the time the bank closed, and that there was the further sum of $17,000 of this bank's funds in the hands of solvent correspondent banks at said time.

When the trial court found the actual cash in the bank in the sum of only $6,000, and concluded that the cash assets were sufficient to pay in full the claim amounting to over $7,000, it must have held that the moneys in the hands of solvent correspondent banks formed a part of cash assets which should be applied to the payment of preferred claims.

On the appeal from that judgment there was no assignment of the insufficiency of the evidence to support the finding as to the cash on hand. Nor was there any assignment that the court erred

in treating the funds in correspondent banks as cash assets from which preferred claims should be paid.

Not having raised those questions on that appeal, the adjudication thereupon has become final, and no allegation material to those questions can be a defense to the writ.

[2] But as to the allegation of the balance due upon the stockholder's liability the status is different. The superintendent of banks is acting, to some extent, as a statutory receiver under the supervision of the circuit court. While an unadjudicated claim against the judgment creditor cannot ordinarily be set up in resistance to the enforcement of a judgment, in a matter such as this it is proper for the circuit court to protect its receiver by allowing him to offset undisputed claims against judgments rendered against him in his representative capacity.

Upon the oral argument counsel for the respondent stated that the fact that there is an amount due on the stockholder's liability is admitted, and that respondent consents that it may be deducted from the amount of the judgment.

[3] As the allegation as to the balance due on stockholder's liability constitutes a partial defense to the writ, the trial court erred in sustaining the demurrer. But, as the respondent admits that the amount so due is correctly stated in the return, and consents that such amount be deducted from the amount due on the judgment, it is ordered that the circuit court modify its order, appealed from herein, to the effect that the peremptory writ which may be granted in default of answer shall direct the superintendent of banks to pay the judgment in so far as it exceeds the sum due from the respondent on her stockholder's liability.

No costs will be taxed upon this appeal.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., not sitting.